**PORTLAND MAIN OFFICE**
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204
(503) 727-1000
www.usdoj.gov/usao/or

**Gavin W. Bruce**
Assistant U.S. Attorney
Gavin.Bruce@usdoj.gov
(541) 465-6771
*Reply to Eugene Office*



**U.S. DEPARTMENT OF JUSTICE**
United States Attorney's Office
District of Oregon
Natalie K. Wight
United States Attorney

**EUGENE BRANCH**
405 E 8th Avenue, Suite 2400
Eugene, Oregon 97401
(541) 465-6771

**MEDFORD BRANCH**
310 West Sixth Street
Medford, Oregon 97501
(541) 776-3564

September 27, 2022

Janet Hoffman
1000 S.W. Broadway, Suite 1500
Portland, OR 97205

    Re:    *United States v. Anne Hankins* 6:22-cr-00317-MC
             Plea Agreement Letter

Dear Counsel:

1.    **Parties/Scope**: This plea agreement is between this United States Attorney's Office (USAO) and defendant, and thus does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority. This agreement does not apply to any charges other than those specifically mentioned herein.

2.    **Charges**: Defendant agrees to waive grand jury and plead guilty to Counts One and Two of the Superseding Information, which charges Wire Fraud in violation of Title 18, United States Code, Section 1343, and Money Laundering in violation of Title 18, United States Code, Section 1957.

3.    **Penalties**: The maximum sentence for Count 1, Wire Fraud, is 20 years' imprisonment, a fine of $250,000 or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000, three years of supervised release, and a $100 fee assessment. The maximum sentence for Count 2, Money Laundering, is 10 years' imprisonment, a fine of $250,000 or twice the gross pecuniary gains or losses resulting from the offense if such amount exceeds $250,000, three years of supervised release, and a $100 fee assessment.

4.    **No Further Prosecution**: The USAO agrees not to bring additional charges against defendant in the District of Oregon arising out of this investigation, known to the USAO at the time of this agreement.

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 2
September 27, 2022

5.  **Elements and Factual Basis**: In order for defendant to be found guilty of Counts One and Two of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:

Wire Fraud

First, the defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises;

Second, the statements made as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;

Third, the defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

Fourth, the defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

Money Laundering

First, the defendant knowingly engaged or attempted to engage in a monetary transaction;

Second, the defendant knew the transaction involved criminally derived property;

Third, the property had a value greater than $10,000;

Fourth, the property was, in fact, derived from Wire Fraud in violation of 18 U.S.C. § 1343; and

Fifth, the transaction occurred in the United States.

Defendant has fully discussed the facts of this case and any potential defenses with defense counsel. Defendant has committed each of the elements of the crimes to which defendant is pleading guilty and admits there is a factual basis for defendant's guilty pleas. The following facts are true and undisputed:

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 3
September 27, 2022

Anne Hankins was president of Willamette Country Music Concerts, LLC ("WCMC"), located in Eugene, Oregon. Hankins' sole-member limited liability company, WCMC, Inc., owned 49% of WCMC. William Morris Endeavor Entertainment, LLC and/or its related entities (hereinafter referred to as "Endeavor"), owned a 51% controlling interest in WCMC.

As president of WCMC, Hankins was responsible for preparing monthly financial statements, which she provided to Endeavor by email.

Starting on or around September 2016, and continuing until on or around March 1, 2018, Ms. Hankins began providing altered bank statements and false financial summaries. These altered bank statements and false financial summaries concealed the true financial condition of WCMC. Hankins admits that she intended to defraud Endeavor as to the accurate financial condition of WCMC.

On or around November 2017, Endeavor approached Hankins about purchasing WCMC Inc.'s 49% interest in WCMC and having Hankins continue to serve as WCMC's president.

On or about February 7, 2018, Hankins sent an email to Endeavor that contained a financial summary of WCMC as of January 30, 2018. The summary falsely reported that WCMC had approximately $1.1 million in cash in its operating account, when, in reality, there was approximately $16,000 in the account. Hankins admits that the statement was capable of influencing Endeavor's decision to purchase Hankins' interest in WCMC.

On March 1, 2018, Endeavor purchased Hankins' remaining 49% interest in WCMC. As part of that transaction, Endeavor paid Hankins $1,500,000. The false financial statement provided on February 7, 2018 was a material factor in Endeavor's decision to purchase Hankins' remaining interest in WCMC.

Following receipt of the $1,500,000 payment from Endeavor, on March 26, 2018, Hankins knowingly engaged in a monetary transaction with the proceeds of the fraud, causing SELCO Community Credit Union to issue a $251,444.70 cashier's check from Hankins' account in Oregon to the Clerk of Court for the U.S. District Court for the District of Oregon, to satisfy restitution in Case No. 6:01-CR-600100.

6.   **Sentencing Factors**: The parties agree that the Court must first determine the applicable advisory guideline range, then determine a reasonable sentence considering that range and the factors listed in 18 U.S.C. § 3553(a). Where the parties agree that sentencing factors apply, such agreement constitutes sufficient proof to satisfy the applicable evidentiary standard.

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 4
September 27, 2022

7.  **Relevant Conduct**: The parties agree that defendant's total offense level for Counts 1 and Two is as follows, prior to any adjustments per paragraphs 8 and 9.

| Enhancements | Offense Level |
|---|---|
| Base - USSG § 2B1.1(a)(1) | 7 |
| Loss - USSG § 2B1.1(b)(1)(H) More than $550,000 | +14 |
| Sophisticated Means - USSG § 2B1.1(b)(10)(C) | +2 |
| Money Laundering Conviction USSG § SB1.1(b)(2)(A) | +1 |
| **TOTAL OFFENSE LEVEL** | 24 |

8.  **Acceptance of Responsibility**: Defendant must demonstrate to the Court that defendant fully admits and accepts responsibility under USSG § 3E1.1 for defendant's unlawful conduct in this case. If defendant does so, the USAO will recommend a three-level reduction in defendant's offense level (two levels if defendant's offense level is less than sixteen). The USAO reserves the right to change this recommendation if defendant, between plea and sentencing, commits any criminal offense, obstructs or attempts to obstruct justice as explained in USSG § 3C1.1, or acts inconsistently with acceptance of responsibility as explained in USSG § 3E1.1.

9.  **Additional Departures, Adjustments, or Variances**:

The USAO agrees not to seek any upward departures, adjustments, or variances to the advisory sentencing guideline range, or to seek a sentence in excess of that range, except as specified in this agreement. The government will agree to a three-level downward variance under 18 U.S.C. § 3553.

Defendant reserves the right to seek a downward departure, adjustment, or variance from the applicable sentencing guideline range determined by the Court and understands that the government reserves its right to oppose such a request. The basis for the departure, adjustment, or variance shall be limited to USSG § 2B1.1 cmt n.20(C) or 18 U.S.C. § 3553. Defendant agrees that, should defendant seek a downward departure, adjustment, or variance from the applicable guideline range determined by the Court and Probation Office, defendant will provide the government with notice of: (1) the factual basis for such request; (2) any evidence defendant intends to introduce or rely upon at the sentencing hearing; and (3) any witnesses, including expert witnesses, defendant intends to call or rely upon at the sentencing hearing. Such notice

must be provided to the government no later than the Wednesday prior to the week during which the sentencing hearing is scheduled. Defendant agrees that if defendant fails to comply with this notice requirement, defendant will not oppose a government motion for a postponement of the sentencing hearing.

9. **Sentencing Recommendation**: The USAO will recommend the low end of the applicable guideline range as long as defendant demonstrates an acceptance of responsibility as explained above.

10. **Waiver of Appeal/Post-Conviction Relief**: Defendant knowingly and voluntarily waives the right to appeal from any aspect of the conviction and sentence on any grounds, except for a claim that: (1) the sentence imposed exceeds the statutory maximum, or (2) the Court arrives at an advisory sentencing guideline range by applying an upward departure under the provisions of Guidelines Chapters 4 or 5K, or (3) the Court exercises its discretion under 18 U.S.C. § 3553(a) to impose a sentence which exceeds the advisory guideline sentencing range as determined by the Court. Should defendant seek an appeal, despite this waiver, the USAO may take any position on any issue on appeal. Defendant also waives the right to file any collateral attack, including a motion under 28 U.S.C. § 2255, challenging any aspect of the conviction or sentence on any grounds, except on grounds of ineffective assistance of counsel, and except as provided in Fed. R. Crim. P. 33 and 18 U.S.C. § 3582(c)(2). In the event that any of defendant's convictions under this agreement are vacated, the government may reinstate and/or file any other charges, and may take any position at a resentencing hearing, notwithstanding any other provision in this agreement.

11. **Court Not Bound**: The Court is not bound by the recommendations of the parties or of the presentence report (PSR) writer. Because this agreement is made under Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure, defendant may not withdraw any guilty plea or rescind this plea agreement if the Court does not follow the agreements or recommendations of the parties.

12. **Full Disclosure/Reservation of Rights**: The USAO will fully inform the PSR writer and the Court of the facts and law related to defendant's case. Except as set forth in this agreement, the parties reserve all other rights to make sentencing recommendations and to respond to motions and arguments by the opposition.

13. **Breach of Plea Agreement**: If defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the USAO is relieved of its obligations under this agreement, but defendant may not withdraw any guilty plea.

Revised Aug. 2022

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 6
September 27, 2022

If defendant believes that the government has breached the plea agreement, defendant must raise any such claim before the district court, either prior to or at sentencing. If defendant fails to raise a breach claim in district court, defendant has waived any such claim and is precluded from raising a breach claim for the first time on appeal.

14. **Restitution**: Defendant agrees fully to disclose all assets in which defendant has any interest or over which defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or third party. Defendant agrees to truthfully complete the Financial Disclosure Statement provided herein by the earlier of fourteen days from defendant's signature on this plea agreement or the date of defendant's entry of a guilty plea, sign it under penalty of perjury, and provide it to both the USAO and the United States Probation Office. Defendant agrees to provide updates with any material changes in circumstances, as described in 18 U.S.C. § 3664(k), within seven days of the event giving rise to the changed circumstances.

Defendant expressly authorizes the USAO to obtain a credit report on defendant. Defendant agrees to provide waivers, consents, or releases requested by the USAO to access records to verify the financial information. Defendant also authorizes the USAO to inspect and copy all financial documents and information held by the U.S. Probation Office.

The parties agree that defendant's failure to timely and accurately complete and sign the Financial Disclosure Statement, and any update thereto, may, in addition to any other penalty or remedy, constitute defendant's failure to accept responsibility under USSG § 3E1.1.

**Transfer of Assets**
Defendant agrees to notify the Financial Litigation Unit of the USAO before defendant transfers any interest in property with a value exceeding $1000 owned directly or indirectly, individually or jointly, by defendant, including any interest held or owned under any name, including trusts, partnerships, and corporations.

**Restitution**
The Court shall order restitution to each victim in the full amount of each victim's losses as determined by the Court.

Defendant understands and agrees that the total amount of any monetary judgment that the Court orders defendant to pay will be due. Defendant further understands and agrees that pursuant to 18 U.S.C. § 3614, defendant may be resentenced to any sentence which might have originally been imposed if the court determines that defendant has knowingly and willfully refused to pay a fine or restitution as ordered or has failed to make sufficient bona fide efforts to pay a fine or restitution. Additionally, defendant understands and agrees that the government

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 7
September 27, 2022


may enforce collection of any fine or restitution imposed in this case pursuant to 18 U.S.C. §§ 3572, 3613, and 3664(m), notwithstanding any initial or subsequently modified payment schedule set by the court. Defendant understands that any monetary debt defendant owes related to this matter may be included in the Treasury Offset Program to potentially offset defendant's federal retirement benefits, tax refunds, and other federal benefits.

Pursuant to 18 U.S.C. § 3612(b)(1)(F), defendant understands and agrees that until a fine or restitution order is paid in full, defendant must notify the USAO of any change in the mailing address or residence address within 30 days of the change. Further, pursuant to 18 U.S.C. § 3664(k), defendant shall notify the Court and the USAO of any material change in defendant's economic circumstances that might affect defendant's ability to pay restitution, including, but not limited to, new or changed employment, increases in income, inheritances, monetary gifts, or any other acquisition of assets or money.

15.  **Memorialization of Agreement**: No promises, agreements, or conditions other than those set forth in this agreement will be effective unless memorialized in writing and signed by all parties listed below or confirmed on the record before the Court. If defendant accepts this offer, please sign and attach the original of this letter to the Petition to Enter Plea.

16.  **Deadline**: This plea offer expires if not accepted by September 16, 2022 at 5:00p.m.

Sincerely,

NATALIE K. WIGHT
United States Attorney

*/s/ Gavin W. Bruce*
GAVIN W. BRUCE
Assistant United States Attorney

Janet Hoffman
Re: Anne Hankins Plea Agreement Letter
Page 8
September 27, 2022


    I have carefully reviewed every part of this agreement with my attorney. I understand and voluntarily agree to its terms. I expressly waive my rights to appeal as outlined in this agreement. I wish to plead guilty because, in fact, I am guilty.

9/28/22
Date

_____
Anne Hankins, Defendant

    I represent the defendant as legal counsel. I have carefully reviewed every part of this agreement with defendant. To my knowledge, defendant's decisions to make this agreement and to plead guilty are informed and voluntary ones.

9-28-2022
Date

_____
Janet Hoffman, Attorney for Defendant

Katherine Marchant, Attorney for Defendant