JANET LEE HOFFMAN, OSB No. 781145
E-mail: janet@jhoffman.com
KATHERINE MARCHANT, OSB NO. 161147
E-mail: katie@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Telephone: (503) 222-1125

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>   v.<br><br>ANNE HANKINS,<br><br>            Defendant. | Case No. 6:22-cr-00317-MC<br><br>**DEFENDANT ANNE HANKINS' MOTION TO CONTINUE FEBRUARY 2, 2023 SENTENCING DATE** |

Defendant Anne Hankins respectfully moves this Court to continue the sentencing hearing in the above-captioned matter, which is currently scheduled for February 2, 2023. Ms. Hankins further requests that the sentencing be reset to a date in the first week of April 2023, or, alternatively, to a date on or after June 12, 2023.[1] The Government objects to a reset. The United States Probation Office for the District of Oregon ("Probation") does not object.

The defense is requesting a continuance so that it can obtain expert testimony regarding Ms. Hankins' history of domestic abuse — abuse she suffered in the years leading up to, and

---

[1] As stated in the accompanying declaration of counsel, defense counsel has preexisting plan to be out of the country from April 8 through June 5, 2023.

MOTION TO CONTINUE SENTENCING – 1
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

shortly following, her prior prosecution. Such evidence is necessary to put Ms. Hankins' prior conviction in context, and to rebut the Government's contention that her 20-year old conviction is sufficiently factually similar to the instant one that it constitutes "serial fraud." As further described below, the facts and circumstances surrounding Ms. Hankins' prior conviction did not appear relevant until the current round of pleadings in the motion to dismiss. And as described in the accompanying Declaration of Counsel, Ms. Hankins has made a good faith, albeit unsuccessful, effort to obtain expert evidence in advance of the currently scheduled hearing. Accordingly, there is good case to reset the hearing, so that Ms. Hankins can meaningfully prepare and present necessary mitigation evidence.

I. **Factual and Procedural Background**

On September 28, 2022, Ms. Hankins pleaded guilty to the Superseding Information. At that hearing, the Magistrate Judge set a provisional sentencing date for January 5, 2023, in order to comply with the statutory timeline. The parties made clear that they had agreed to a later date and were advised to contact this Court's chambers. It was the parties' understanding that the January date was only a placeholder, and that a new date would be set with this Court. On October 13, at the parties' request, this Court set sentencing for February 2, 2023.

Over the next several weeks, the parties filed pleadings regarding Ms. Hankins' motion to dismiss and request for an evidentiary hearing. The Court issued an Order and Opinion on December 14, which denied defendant's motion but permitted the parties to introduce evidence related to Ms. Hankins' claims of prejudicial prosecutorial misconduct at sentencing. The Court issued a subsequent Order on December 19, denying Ms. Hankins' motion to reconsider and reiterating its prior determination.

On December 12, while this litigation was ongoing, the Probation Office interviewed Ms. Hankins as part of its presentence investigation. During the interview, Ms. Hankins disclosed significant information regarding domestic abuse that she suffered during the time of her first prosecution. The abuse, and its impact, appeared relevant to her prior offense conduct and decision to plead guilty. And in light of the surrounding litigation, it became apparent that expert assistance, and a psychological evaluation, was necessary in order to adequately address the sentencing factors under 18 U.S.C. § 3553(a). As further described in the accompanying Declaration of Counsel, the defense attempted to contact multiple experts but was unable to find someone who was available and able to complete a review before the currently scheduled hearing.

**II.    There is good cause for a continuance.**

As described above, this is the first formal request for a continuance, and there is good cause to reset the sentencing hearing. A defendant has a constitutional due process right to develop and present mitigation evidence in support of its proposed sentence and to rebut any evidence the Government puts forth to the contrary. *See Rita v. United States*, 551 U.S. 338, 351 (2007) (observing that each defendant's sentence be subject to "thorough adversarial testing") (citing *Burns v. United States*, 501 U.S. 129, 136 (recognizing importance of notice and meaningful opportunity to be heard at sentencing).  This is reflected in Federal Rule of Criminal Procedure 32(b), which authorizes continuances for "good cause" and Criminal Local Rule 32-1, which provides for "sufficient time between adjudication and sentencing" to allow the parties to adequately prepare their presentations.

In *United States v. Khan*, 701 Fed. App'x 592, 595-6 (9th Cir. 2017), the Ninth Circuit implicitly approved of the district court's allowance of multiple continuances for the purpose of

MOTION TO CONTINUE SENTENCING – 3
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

ensuring that the defendant had a reasonable opportunity to gather evidence for sentencing. In *Khan*, the defendant argued on appeal that the trial court abused its discretion by not providing him with an evidentiary hearing on the loss calculation at sentencing. The Court disagreed with the contention regarding the evidentiary hearing, but wrote as follows:

> Finally, the district court did not abuse its discretion when it denied the Khans' request for an evidentiary hearing on the loss amounts. "There is no general right to an evidentiary hearing at sentencing." *United States v. Laurienti*, 731 F.3d 967, 972 (9th Cir. 2013) (alteration omitted) (quoting *United States v. Real-Hernandez*, 90 F.3d 356, 362 (9th Cir. 1996)). A district court may refuse to hold one as long as the defendant is allowed an opportunity to rebut the findings and recommendations of a PSR through oral or written submissions. *Sarno*, 73 F.3d at 1502-03 (citing *United States v. Baker*, 894 F.2d 1083, 1084-85 (9th Cir. 1990)). <u>Here, the Khans were provided extensive discovery months in advance of their sentencings and were given ample opportunities to present both written and oral sentencing submissions. Indeed, continuances of their sentencing hearings were granted by the district court for this very purpose</u>. It was therefore well within the district court's discretion to conclude that the Khans had been given an ample opportunity to present their arguments.

*Id.* at 596 (emphasis added).

Here, Ms. Hankins requires additional time in order to secure the mitigation evidence she needs to present her arguments. As noted above, Ms. Hankins disclosed in her presentence interview that she suffered domestic abuse from her now ex-husband (and former business partner) in the years leading up to, and shortly following, her 2002 conviction. This history bears directly upon her perceptions, behaviors and decisions, which resulted in her first offense and subsequent decision to plead guilty. *See United States v. Lopez,* 913 F.3d 807, 818 (9th Cir. 2019) (approving of the introduction at sentencing of expert testimony on battered woman's syndrome and recognizing that such evidence could justify a downward departure). Although Ms. Hankins did not disclose this information at the time — not uncommon among victims of domestic abuse — the prior presentence report indicates corroborative evidence that was not further developed. *See id.* at 822-23 (recognizing that victims of domestic violence often do not

report their partners' conduct to law enforcement). In addition, the impact of this abuse may still persist. Accordingly, a psychological evaluation and expert testimony is needed in order to assess the information Ms. Hankins has disclosed, so that she can adequately address the § 3553(a) factors. *See id.* (observing that a victim of domestic abuse, alone, may not be able to effectively present her subjective vulnerabilities and perceptions of an event and that professional testimony may needed to do so).

When Ms. Hankins entered her plea here, counsel did not anticipate needing to develop this evidence. At that time, the facts surrounding her prior conviction did not appear relevant. It was counsel's understanding of the plea negotiations that the Government did not intend to "dwell significantly on [her] 2002 conviction [at sentencing]." *See* Decl. of Counsel in Support of Motion to Dismiss, Ex. 10 at 2 (ECF No. 15) (Government email so stating). Defense counsel understood the Government's position to be that her prior conviction was relevant because the outstanding restitution obligation served as a motive for her conduct here (and the act of repayment was part of the conduct underlying Count Two). *See* Motion to Dismiss at 7-8 (ECF No. 14) (so stating).

Following the dismissal litigation, however, the facts and circumstances surrounding Ms. Hankins' prior conviction are newly relevant. Ms. Hankins has a right to offer evidence rebutting the Government's position that her prior conviction is factually related to her current one, and that the Court should take the "serial" nature into account in fashioning a sentence. *See e.g.* Gov't Resp. at 7 (arguing that "serial fraudster" is 'accurate" and that the Court should consider "the prior conviction's failure to deter"). And doing so requires the assistance of an expert to develop and present Ms. Hankins' history of domestic abuse.

Ms. Hankins has made a good faith, albeit unsuccessful, effort to obtain this evidence in advance of the currently scheduled hearing.  Ms. Hankins secured an expert witness, but, due to preexisting commitments, the expert will not be able to produce a report until approximately the middle of March 2023. Accordingly, there is good cause to reset the hearing, so that Ms. Hankins can meaningfully prepare and present necessary mitigation evidence at sentencing.

//

DATED: December 23, 2022

Respectfully submitted,

 s/Janet Hoffman
JANET HOFFMAN, OSB No. 781145
KATHERINE MARCHANT, OSB No. 161147
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Phone: (503) 222-1125
Email:  janet@jhoffman.com
Attorneys for Defendant Anne Hankins