**Matthew J. Kalmanson,** OSB No. 041280
E-mail:  mjk@hartwagner.com
**Blake H. Fry,** OSB No. 100128
E-mail:  bhf@hartwagner.com
**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, OR 97205
Telephone:  (503) 222-4499
Facsimile:  (503) 222-2301

<u>Of Attorneys for Non-Parties WCMC Holdings, LLC,</u>
<u>William Morris Endeavor Entertainment, LLC,</u>
<u>WME IME, LLC, and WCMC, LLC</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 6:22-cr-00317-MC |
| Plaintiff, | |
| v. | DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF VICTIMS' OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS |
| ANNE HANKINS, | |
| Defendant. | |

I, Matthew Kalmanson declare as follows:

1.   I am an attorney for non-parties WCMC Holdings, LLC ("Holdings"); William Morris Endeavor Entertainment, LLC; WME IME, LLC; and WCMC, LLC.  I make this declaration based on personal knowledge except where stated herein.

2.   Holdings and WCMC ("Claimants") are parties in a JAMS arbitration pending in Los Angeles against Anne Hankins and her company, Willamette Country Music Concerts, Inc.

DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF VICTIMS'
OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS – 1

Claimants are assignees of all claims against Ms. Hankins from William Morris Endeavor Entertainment, LLC and WME IME, LLC (together with the Claimants, the "Victims"). The arbitrator is Richard Chernick. The civil case began in Lane County Circuit Court, but Hankins successfully moved to compel arbitration. The arbitration was scheduled to begin in February 2023, but was taken off the calendar when Hankins refused to pay the arbitration fee, despite having compelled arbitration. Claimants' counsel informed the arbitrator that Claimants would decide whether to pay the fee for Hankins after the criminal sentencing.

3. All parties in the arbitration are represented by counsel. Claimants are represented by Hart Wagner and Jeremiah Reynolds of Eisner, LLP. Hankins is represented by Howard Levine and Joshua Flood of Sussman Shank, and Gregory M. Bergman of BDG Law Group. Hankins's criminal counsel, Janet Hoffman, has appeared in the arbitration.

4. Victims have provided Hankins a large amount of discovery in the arbitration. As part of the negotiation over production, Hankins's counsel raised concerns about whether the documents Hankins received in the arbitration could be used in this criminal proceeding. My clients agreed that Hankins could use arbitration documents in the criminal proceeding. A provision giving her that right was put in paragraph 8 of the protective order. A true and correct copy of that protective order is attached as Exhibit 1.

5. Under JAMS Rule 17(a), parties must complete an "initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions," *inter alia.* On June 13, 2022, Claimants made their initial disclosures. A true and correct copy of the production email is attached as Exhibit 2.

/ / /

6. That initial production was roughly 1,568 pages of documents, and it included: (1) the bank statements that the Victims received from Hankins, with the emails transmitting those statements; (2) the real bank statements received directly from the bank from that time-period; (3) promissory notes signed by Hankins on behalf of WCMC, including from 2016; (4) settlement agreements between Victims and holders of those notes; (5) the emails between Hankins and her IT consultant that are quoted in the VIS; (7) cash collection sheets from the 2018 festivals; (8) receipts for vendor payments believed to be false, with emails from the vendor claiming not to have been paid; (9) promissory notes between Endeavor and WCMC to pay 2018 festival obligations, with exhibits describing many of those obligations; and (10) the transaction agreements with Hankins, including the 2013 agreement with the representation about Hankins not having a criminal record.

7. On or around June 13, 2022, Hankins served document requests on Claimants Holdings and WCMC. A true and correct copy of each is attached as Exhibits 3 and 4.

8. On July 5, 2022, Claimants produced approximately 195 gigabytes of data to Hankins, using search terms that were disclosed to her. The production contained roughly 1,288,582 pages of documents. A true and correct copy of the transmittal letter, which contains the search terms, is attached as Exhibit 5. Because of the size of the production, I am calculating the number of pages using the bates ranges, and do not know how many documents are duplicates, and whether there is some other issue of which I am unaware that might impact the count. The production was from searches run on a database of documents pulled primarily from WCMC's computers, and I believe it was mostly emails and attachments. It included the search terms "Endeavor," "Exiger," and "inquiries@ * * *.com," which should have captured the email account set up for vendor complaints after Hankins was terminated.

9. Claimants also had to undertake a very expensive and time-consuming privilege review. Claimants then produced an additional 415,824 pages of documents (using bates ranges as a guide) in productions on August 5, 2022, October 26, 2022, and November 17, 2022. True and correct copies of the transmittal emails for those productions are attached as Exhibit 6. Claimants also produced a privilege log on November 1, 2022.

10. On or about October 3, 2022, Hankins served third party subpoenas on various Endeavor entities. True and correct copies are attached as Exhibits 7, 8, and 9.

11. The parties brought to the arbitrator disputes over the breadth of those requests, as well as a few lingering issues relating to the original requests to the Claimants. The arbitrator held a number of hearings and issued a ruling. A true and correct copy of that ruling is attached as Exhibit 10.

12. On December 15, 2022, Victims produced an additional 16,877 pages of documents, and they made another small production with a privilege log on December 22, 2022. Attached as Exhibit 11 are true and correct copies of the transmittal emails.

13. Because of the sheer magnitude of the production, I cannot describe the universe of documents produced to Hankins. Included in the various productions, however, were communications with Exiger, the forensic fraud examiner, and documents received from Exiger as a result of its 2019 investigation. Claimants have not produced a final expert report to Hankins in the arbitration because it is not due or finished.

14. Based on my review of the bates ranges, information from the discovery platform used to manage the documents, and consultation with others on our team who were closer to the ground on discovery, my rough estimate is that Victims have produced over 1,700,000 pages of documents to Hankins in the arbitration.

15. Victims also produced documents to the Government, which executed a search warrant on WCMC on or around August 21, 2019. The Government removed a large amount of material from WCMC's offices, and copied some or all of the hard-dives of WCMC's computers. WCMC also produced over 800,000 documents (not pages) to the Government. The Government also issued a subpoena to Endeavor, which resulted in another production of documents.

16. On January 27, 2023, Hankins's attorney designated her witnesses and exhibits for the arbitration, even though the arbitration was taken off the calendar weeks earlier. Included were some communications with Exiger that Hankins received in discovery. Exhibit 12 is a true and correct copy of one of the emails (without the attachments) designating those exhibits.

Pursuant to 28 U.S.C. § 1746(2), I declare under penalty of perjury that the foregoing is true and correct.

Respectfully submitted this 3rd day of February, 2023.

                HART WAGNER LLP

By: */s/ Matthew J. Kalmanson*
Matthew J. Kalmanson, OSB No. 041280
Of Attorneys for Non-Parties WCMC Holdings, LLC, William Morris Endeavor Entertainment, LLC, WME IME, LLC, and WCMC, LLC