**JAMS ARBITRATION**
**No. 1220070904**

**WCMC HOLDINGS, LLC; WCMC, LLC,**
        **Claimants and Respondents by Counterclaim,**


                        **and**

**ANNE HANKINS, WILLAMETTE COUNTRY MUSIC CONCERTS, INC.,**
        **Respondents and Counterclaimants.**
_____

**<u>RULINGS ON MOTIONS TO COMPEL DOCUMENTS</u>**
**<u>(ORDER NO. 9)</u>**

Respondents seek further documents in response to their Requests for Documents (Set 1) and subpoenas to entities affiliated with Claimants.  A hearing was conducted on November 3, 2022, and a second hearing on November 9, 2022.  Counsel exchanged letters on November 10 and 11, 2022.

<u>Appearances</u>

> Jeremiah Reynolds, Esq.
> Eisner, LLP
> 9601 Wilshire Boulevard, 7th Floor
> Beverly Hills, CA 90210
> 310/855-3200
> jreynolds@eisnerlaw.com

> Matthew J. Kalmanson, Esq.
> Hart Wagner LLP
> 1000 S.W. Broadway, 20th Floor
> Portland, OR 97205
> 503/222-2301
> MJK@hartwagner.com
> Counsel for Claimants

> Gregory M. Bergman, Esq.
> BDG Law Group
> 10880 Wilshire Boulevard, Suite 1015
> Los Angeles, CA 90024
> 310/470-6110

**Exhibit 10**

**Page 1 of 8**

gbergman@bdgfirm.com

Howard M. Levine, Esq.
Joshua G. Flood, Esq.
Sussman Shank LLP
1000 S.W. Broadway, Suite 1400
Portland, OR 97205-3089
503/227-1111
hlevine@sussmanshank.com
Counsel for Respondents


1. **Subpoenas to Affiliated WME entities ("WME") (summons issued on October 3, 2022, served October 7, 2022); response to summons on October 17, 2022**

Request No. 1: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email; Ex. B to Application). Those documents shall be produced subject to the following limitation per JAMS Discovery Protocols. Document requests

- should be limited to documents that are directly relevant to significant issues in the case or to the case's outcome;
- should be restricted in terms of time frame, subject matter and persons or entities to which the requests pertain; and
- should not include broad phraseology such as "all documents directly or indirectly related to."

The overbreadth of the phrase "all documents" can be cured by the substitution of the formulation "documents sufficient to show . . .."

The issue of broader search terms presented in response by Respondents (*see* 9/13/22 (Ex. B to Application) and 9/18/22 email (Ex. C to Application):  The search terms suggested by Claimants comply with the Discovery Protocols (documents directly related to significant issues in the case; Respondents' reformulation generally does not.

WME agreed to produce certain responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited above.

Time frame of Responsive Documents: Claimants' proposed search terms (Ex. B to Application) are reasonable and shall apply except as indicated below.

To the extent Respondents believe that not all responsive documents have been produced, all counsel are cautioned that the Arbitrator will expect complete

**Exhibit 10**

**Page 2 of 8**

production of responsive, non-privileged documents; such documents not produced in discovery will not be admitted at the hearing, and the Arbitrator may impose sanctions on a party violating this order including the drawing of adverse inferences.  *See* JAMS Rule 29.

Request No. 2: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 3: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 4: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 5: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1 (documents "sufficient to show" as to each loan or advance).

Request No. 6: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1 (documents "sufficient to show" as to each loan or advance).

Request No. 7: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1 (documents "sufficient to show" as to each loan or advance).

Request No. 8: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1 (documents sufficient to show each loan or advance).

Request No. 9:  Objections overruled; production required as limited by the order regarding Request No. 1.

Request No. 10:  Objections overruled; production required as limited by the order regarding Request No. 1

Request No. 11:  Objection re overbreadth and burden sustained without prejudice to issuance of a narrower formulation focused on issue in dispute.

Request No. 12:  Objection re overbreadth and burden sustained without prejudice to issuance of a narrower formulation to documents directly relevant to significant issues in dispute (proposed reformulation in November 10, 2022, letter is still overbroad).

Request No. 13: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1. Timeframe of responsive documents – expand end date to the date of the filing of this arbitration on July 31, 2021.

Request No. 14: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 15: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 16: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 17: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from

**Exhibit 10**

**Page 4 of 8**

offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 18: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 19: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 20: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

Request No. 21: This request primarily seeks documents supporting Respondents' counterclaims. To the extent it is relevant to Claimants' damage claims, responsive documents would be expected to be provided in response to requests that address that subject directly.  Objections are therefore sustained based on the provisions of JAMS Rule 31(b) ("The Arbitrator may preclude a party that has failed to deposit its pro rata or agreed-upon share of the fees and expenses from offering evidence of any affirmative defense.")  This ruling is without prejudice to Respondents' anticipated motion concerning the effect of Rule 31(b) on their requests for documents or subpoenas to third parties.

**Exhibit 10**

**Page 5 of 8**

Request No. 22: Objections overruled; production required as limited by the order regarding Request No. 1.  Timeframe of responsive documents – expand "to the present."

Request No. 23: Objections overruled; production required as limited by the order regarding Request No. 1. Timeframe of responsive documents – expand "to the present."

Request No. 24: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1. Timeframe of responsive documents – expand "to the present."

Request No. 25: Objections overruled; production required as limited by the order regarding Request No. 1. Timeframe of responsive documents – expand "to the present."

Request No. 26: Objections overruled; production required as limited by the order regarding Request No. 1. *See Block v. Sacramento Clinical Labs, Inc.,* 131 Cal. App. 3d 386, 389 (1982) (Civ. Code § 47 privilege "unlike" other privileges which function by the exclusion of evidence); *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157,1159 (1986) (Section 47 does not bar evidentiary use of otherwise privileged statements). The cases relied on by Claimants are distinguishable – they assert (correctly) that the § 47 privilege may bar claims but do not address the discovery of such statements in litigation. *Hagberg v. California Fed. Bank*, 32 Cal. 4th 350 (2004); *Jacob B. v. Cnty. of Shasta*, 40 Cal. 4th 948, 955 (2007).

The cases cited on counsel's November 11, 2022, letter (*Campbell* and *McSorley*) that suggest a party may not seek documents in one case for use in another, particularly where the other case is a criminal proceeding where discovery may be more limited, should be distinguished from circumstances where the documents sought in the first case are in fact directly relevant to significant issues in that case. The limitation imposed by reference to Request No.1 should be sufficient to focus on responsive communications directly relevant to significant issues in this case.

Request No. 27: Objections sustained; request is overbroad and seeks documents not directly relevant to significant issues in dispute.

Request No. 28: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 29: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by

the order regarding Request No. 1.  Claimants are not obligated to copy such documents as are in their physical possession for Respondents, and their offer to allow inspection and copying is sufficient.

Request No. 30: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1. Timeframe of responsive documents – expand "to the present."

Request No. 31: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 32: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 33: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

Request No. 34: WME agreed to produce responsive documents per search terms it presented (*see* 9/13/22 email). Those documents shall be produced as limited by the order regarding Request No. 1.

2. **RFPs served on Claimants (served June 13, 2022, response dated July 1, 2022).  Responses consisted of about 600,000 documents in two tranches (including Rule 17(a) production) (July 5, 2022, and August 5, 2022).**

   Categories of documents in dispute:

   o   Documents concerning discovery of the claims

   o   Documents concerning investigation of the claims

   o   Documents concerning analysis of the claims

   o   Documents concerning quantification of damages as stated in the Demand (Demand, ¶ 27(7); RFP No. 1)

   o   Identification of location(s) where search(es) occurred

As addressed in Section 1, above, the scope of document requests is limited by principles reflected in JAMS Discovery Protocols. These requests may overlap requests contained in the subpoena, and if so, separate additional production is not

required.  Otherwise, documents that meet the limited scope of the Discovery
Protocols shall be produced if that has not previously been accomplished.

- o  Documents regarding communications with law enforcement (RFP No. 38) –
  *See* Request No. 26 in the subpoenas which covers this same topic.  *See* ruling
  regarding that Request which is incorporated by this reference.

- o  Documents re insurance coverage – Request No. 30 in the subpoenas covers
  this topic and production is required to the same extent as reflected in the
  order re that Request (above).

- o  Documents re WCMC Holdings, LLC's grant of third-party collateral in
  violation of WCMC, LLC (*see* Agreement (¶ 8.01(a) which prohibits transfer
  of any interest in WCMC, LLC): this request appears to relate to
  Respondents' counterclaims which are barred by JAMS Rule 31(b).
  Objections sustained without prejudice to Respondents 'pending motion
  relating to this issue.

- o  Documents reflecting investigative reports and related documents; *see*
  Demand, ¶¶ 26, 27: Request No. 13 in the subpoenas covers this topic and
  production is required to the same extent as reflected in the order re that
  Request (above).

- o  Responsive documents in counsel's office- 9th and 10th counterclaims –
  wrongful possession of documents and personal property of Hankins (*e.g.*,
  laptop, personal books and records) (RFP No. 9).  This request appears to
  relate to Respondents' counterclaims which are barred by JAMS Rule 31(b).
  Objections sustained.

Refusal to produce a privilege log: Claimants say they produced a privilege log.
It shall be supplemented to the extent the production ordered above includes responsive
documents which are withheld on grounds of privilege.  The Arbitrator defers any
decision regarding the requirements for a complaint privilege log or its adequacy in the
circumstances until it is actually before me.

Date of Further Production:  December 15, 2022

Date of Production of supplemental Privilege Log: December 22, 2022.

DATED:        November 11, 2022

_____
       Richard Chernick
       Arbitrator

**Exhibit 10**
**Page 8 of 8**