NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 E 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **6:22-cr-00317-MC** |
| **v.** | **GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17** |
| **ANNE HANKINS,** | **SUBPOENAS, ECF 33-1, 33-2, 33-3, 33-4** |
| **Defendant.** | |

### Introduction

After her plea and the denial of her motion to dismiss, defendant Anne Hankins now

moves for authorization to issue Rule 17(c) subpoenas to four victim companies related to

primary victim Endeavor. ECF No. 33. Paragraph 26 of the subpoenas broadly seeks

communications between the government and Endeavor. These requests oppressively and

unreasonably infringe on crime victims' rights and government statutory obligations; invade the

executive function to engage in plea negotiations; and are overwhelmingly broad in scope.

**Government's Motion to Quash in Part Subpoenas**                              **Page 1**

Moreover, the information sought has minimal, if any, relevance at this posture. Therefore, paragraph 26 of the subpoenas should be quashed.

The government limiting its motion to quash to paragraph 26 of the subpoenas should not be interpreted as the government taking a position as to the validity of the remainder of the subpoena requests.

## Factual Background

The facts of this case are detailed in the government's response to Hankins' motion to dismiss. *See* ECF No. 17 at 2-5. The government incorporates those facts by reference and does not restate them here.

## Standing

Rule 17 provides that on prompt motion, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive. Fed. R. Cr. P. 17(c)(2). The government has standing to quash a third-party subpoena when the subpoena involves a legitimate government interest. *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982) (citing *In re Grand Jury*, 619 F.2d 1022, 1027 (3rd Cir. 1980)). Paragraph 26 of the subpoenas here implicate the substantial government interest in ensuring compliance with crime victim rights, maintaining the integrity of the plea negotiation process, and preventing unduly oppressive and irrelevant fishing to support spurious allegations of government misconduct.

Courts have found government standing in the interests of preventing undue lengthening of the trial, undue harassment of witnesses, and prejudicial over-emphasis on subpoenaed witnesses' credibility. *United States v. Somnang Chea*, 2019 WL 2465492, at *3 (E.D. Cal. June 13, 2019) (citing *Raineri*, 670 F.2d at 712). An interest in protecting a victim against harassment

confers standing. *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995); *United States v. Lin*, 2012 WL 6026500, at *1 (D. N. Mar. I. Dec. 4, 2012), *on reconsideration sub nom. United States v. Wei Lin*, No. 1:12-CR-00012, 2013 WL 12303313 (D. N. Mar. I. Nov. 27, 2013). Preventing compelled testimony about the reasons for taking official actions is also a legitimate interest that triggers standing. *United States v. Washington*, 2012 WL 3061519, at *1 (D. Mont. July 26, 2012) (citing *United States v. Morgan*, 313 U.S. 409, 422 (1941)). So is a claim of privilege or proprietary interest in the subpoenaed information. *United States v. Ail*, 2007 WL 1229415, at *4 (D. Or. Apr. 24, 2007) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir.1975); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir.1985)). The government has standing to move to quash a request for work product documents. *Ail*, 2007 WL 1229415, at *5.

The government interest in the information described in paragraph 26 is legitimate, substantial, and akin to other interests that have been found to establish standing. The government has standing to move to quash paragraph 26.

## Legal Standards

Rule 17(c) is not a discovery device and is not intended "to allow a blind fishing expedition seeking unknown evidence." *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984). Requesting entire files instead of specific documents indicates a fishing expedition. *Id*. To require the production of documents by Rule 17(c) subpoena, the moving party must show that (1) the documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by the exercise of due diligence; (3) the party cannot properly prepare for trial without such production and inspection in advance of trial, and the failure to obtain such

**Government's Motion to Quash in Part Subpoenas**                    **Page 3**

inspection may tend to unreasonably delay the trial; and (4) the application is made in good faith and is not intended as a general fishing expedition. *United States v. Nixon*, 418 U.S. 683, 699-700 (1974). To meet her burden, defendant must clear three hurdles: admissibility, relevance, and specificity. *Reed*, 726 F.2d at 577; *see also United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002).

Evidence sought for the purpose of impeachment does not meet the admissibility test. *Nixon*, 418 U.S. at 701-702 (the desire for evidence to impeach witnesses is insufficient to require its production in advance of trial); *see also United States v. Fields*, 663 F.2d 880 (9th Cir. 1981) (overturning the denial of the government's motion to quash subpoena when the subpoenaed documents were solely for impeachment purposes). Specificity is not met where the party seeking production cannot verify "whether the requested material even exists." *United States v. Morris*, 287 F.3d at 991. Nor is relevance met if defendant has not shown how the information is helpful to his defense beyond mere speculation. *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir. 1993).

Defendant has not cleared these hurdles.

**Argument**

Paragraph 26 seeks to compel

> communications between [the companies], either directly or through its counsel, to agents of the Government regarding the prosecution of Ms. Hankins, including the allegations set forth in the Victim Impact Statement, supporting evidence of such allegations, losses incurred, the status of plea negotiations, and the wording of public statements (including statements contained within press releases) about her case. This request includes information regarding plea discussions and positions taken by the Government with the defendant.

ECF No. 33-1, 33-2, 33-3, 33-4.

First, the request for unlimited communications between the government and the victims or their counsel "regarding the prosecution of Ms. Hankins" is oppressive and unreasonable because it unduly infringes on crime victims' rights to be informed of the status of the case and the government's obligations to communicate with the victim. By statute, crime victims have the right to be heard at any public proceeding involving a plea or sentencing, to confer with the attorney for the government in the case, to be treated with fairness and with respect for the victim's dignity and privacy, and to be informed in a timely manner of any plea bargain. 18 U.S.C. § 3771(a)(4), (5), (8), (9). The government must "make their best efforts" to see that these rights are met. 18 U.S.C. § 3771(c)(1). The government is also required to provide crime victims with the earliest possible notice of the status of the investigation, the filing of charges, and the acceptance of a guilty plea. 34 U.S.C. § 20141(c)(3)(A), (C), (F).

Hankins' request inappropriately pierces the safe space erected by Congress to vindicate victims' rights. It chills the very heart of these rights and protections—communications with the government to keep victims apprised and engaged. Such contact allows victims to assert their rights, facilitate their participation, assures them that justice is being done, and affords them the opportunity to take protective measures when the accused is at large. 150 Cong. Rec. 7301-02 (2004) (remarks of Sens. Kyl and Feinstein). Compelling disclosure of these communications de-incentivizes victims from participating in the process. Why communicate with the government if your perpetrator gets access to those conversations in a targeted effort to reduce accountability for the very crime in which you were victimized? Government-victim communications may not enjoy a common law privilege, but Congress has expressed the importance of promoting and protecting these communications.

**Government's Motion to Quash in Part Subpoenas**                                        **Page 5**

Hankins cites no authority authorizing the compulsion of government-victim communications "regarding the prosecution of [a defendant]." She articulates no reason why such communications should be disclosed in light of these important countervailing interests. Moreover, the request is not admissible, specific, or relevant.

Hankins hazards that these speculated communications between the government and Endeavor about the Victim Impact Statement might help to impeach Endeavor. ECF No. 34 at 8. But she does not explain how. *Id.* In any event, impeachment evidence does not pass the admissibility bar for subpoenas. She has also not established specificity. She seeks the functional equivalent of an entire file: all communications between government and victim regarding the defendant's prosecution. That bears the hallmark of a fishing expedition. Nor has she shown relevance. Hankins says that in addition to a potential impeachment use, the communications are relevant "to issues left open following the denial of [her] Motion to Dismiss." ECF No. 9. But no issues were left open. The Court properly found that the language in the press release was unfortunate but "not inaccurate" and that the press release did not violate her due process rights. ECF No. 20 at 3, 4. Harnessing the power of subpoena is not an appropriate mechanism to relitigate her grievance with the press release, especially since the press release has little, if any, bearing on sentencing. The subpoena should be quashed as to communications "regarding the prosecution of [defendant]."

Second, the request unreasonably invades the executive function to engage in plea negotiations. Within the umbrella of communications regarding her prosecution, Hankins seeks communications between government and victim about "the status of plea negotiations" as well as "information regarding plea discussions and positions taken by the Government with the

**Government's Motion to Quash in Part Subpoenas**                              **Page 6**

defendant." These fall within the statutorily mandated communications between government and victim. 18 U.S.C. § 3771(a)(9); 34 U.S.C. § 20141(c)(3)(F). It is incumbent on the government to inform victims about the status of a plea and its plea position so that victims have a meaningful opportunity to provide their own perspective to the government and the court. These communications should be treated with even more care given that the plea resolution is the exclusive function of the executive. *In re Ellis*, 356 F.3d 1198, 1209 (9th Cir. 2004). The decision to negotiate a plea bargain is within the executive's "undeniable discretion." *United States v. Barker*, 681 F.2d 589, 591 (9th Cir. 1982).

Moreover, the government's communications with Endeavor regarding these aspects of the plea process are just not relevant. Defendant has admitted the facts of the charge and plead guilty. She is scheduled to be sentenced. Communications between the government and victim about the plea status has no bearing on sentencing. Given the lack of relevance, the value of maintaining victim trust in the judicial process, and the traditional sanctity of plea negotiations, the subpoena should be quashed as to this request.

Finally, under the umbrella of communications regarding her prosecution, Hankins also seeks communications about the allegations set forth in the Victim Impact Statement, supporting evidence of such allegations, losses incurred, and the wording of public statements (including statements contained within press releases) about her case. These suffer from the same failures of admissibility, specificity, and relevance described above. Moreover, given the baseless claims of government misconduct lobbed in her motion to dismiss which the court denied, ECF No. 14, and reiterated in her memorandum in support of the subpoenas, ECF No. 34 at 9, the government

**Government's Motion to Quash in Part Subpoenas**                              **Page 7**

is hard-pressed to view paragraph 26 of the subpoena as made in good faith. Paragraph 26 should be quashed.

## Conclusion

The court should quash paragraph 26 of the subpoenas requested in ECF No. 33-1, 33-2, 33-3, and 33-4.


Dated: February 3, 2023                              Respectfully submitted,

                                                     NATALIE K. WIGHT
                                                     United States Attorney

                                                     */s/ Gavin W. Bruce*
                                                     GAVIN W. BRUCE
                                                     Assistant United States Attorney