JANET LEE HOFFMAN, OSB No. 781145
E-mail: janet@jhoffman.com
KATHERINE MARCHANT, OSB NO. 161147
E-mail: katie@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Telephone: (503) 222-1125

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>ANNE HANKINS,<br><br>　　　　　　Defendant. | Case No. 6:22-cr-00317-MC<br><br>**DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS**<br><br>**ORAL ARGUMENT REQUESTED** |

　　　　The Government's motion to quash Paragraph 26 of Ms. Hankins's requested Rule 17(c) subpoena, requesting communications between the Government and Endeavor, lacks standing and support in the law of this Circuit. It should be denied.

**I.　　The Government Lacks Standing to Quash Ms. Hankins's Requested Subpoenas.**

　　　　It is the government's burden to establish standing by showing that the subpoena would infringe on its legitimate interests. *See United States v. Tomison*, 969 F. Supp. 587, 596 (E.D. Cal. 1997) (citing *KVOS, Inc. v. Associated Press*, 299 U.S. 269, 278 (1936); *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986)). The Government has failed to meet its burden here.

Though some courts have found government standing in interests including "preventing undue lengthening of the trial, undue harassment of witnesses, and prejudicial over-emphasis on subpoenaed witnesses' credibility," *see United States v. Somnang Chea*, 2019 WL 2465492, at *3 (E.D. Cal. June 13, 2019), the present case implicates none of those interests. Moreover, this list of categories, derived from the Seventh Circuit's opinion in *United States v. Raineri*, 670 F.2d 702, 712 (7th Cir. 1982), "cannot be applied uncritically." *United States v. Stukenbrock*, No. 5:15-cr-00034-EJD-1 (HRL), 2016 U.S. Dist. LEXIS 171551, at *3-4 (N.D. Cal. Dec. 9, 2016) (internal quotation and citation omitted). Indeed, in *Chea*, the case cited by the Government for this proposition, the district court found that the government *did not* establish standing to quash a third party subpoena. 2019 U.S. Dist. LEXIS 99583 at *7 ("Despite some courts' passing references to possible standing based on the government's interest in "preventing undue lengthening of the trial," this court has not identified any controlling authority holding the government has standing on that basis alone.").

The Government maintains that "Paragraph 26 of the subpoenas here implicate the substantial government interest in ensuring compliance with crime victim rights, maintaining the integrity of the plea negotiation process, and preventing unduly oppressive and irrelevant fishing to support spurious allegations of government misconduct." ECF No. 43 at 2. Notably, the Government does not cite a single case supporting any of these purported interests[1], and indeed, these "interests" find no support in the case law of this Circuit.

---

[1] The Government cites cases finding interests in "protecting a victim against harassment," *United States v. Jenkins*, 895 F. Supp. 1389, 1393 (D. Haw. 1995) (government had standing to quash subpoena for medical records of rape victim); "[p]reventing compelled testimony about the reasons for taking official actions," *United States v. Washington*, No. CR 11-61-M-DLC, at *2 (D. Mon. July 26, 2012) (government had standing to quash subpoena seeking to compel testimony of then-United States Attorney General Eric Holder because "[h]eads of government agencies are not generally subject to subpoena"); claims of "privilege or proprietary interest in the subpoenaed information," *United States v. Ail*, No. CR 05-325-RE, 2007 U.S. Dist. LEXIS 30786, at *15-19 (D. Or. Apr. 24, 2007) (quashing subpoenas

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 2
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

In fact, to the limited degree that the Government's purported interests are mentioned at all in the case law, it is with disapproval. *See, e.g., United States v. Ortiz*, No. C 12-00119 SI, 2013 U.S. Dist. LEXIS 181420, at *6-7 (N.D. Cal. Dec. 27, 2013) (government's argument that subpoenas "were issued for an improper fishing expedition and, if enforced, would undermine well-established rules and laws relating to criminal discovery and disclosures" did not satisfy the government's burden to demonstrate standing).

Instead, case law from this Circuit demonstrates that Ms. Hankins's request does not constitute harassment, especially in light of Ms. Hankins's strong constitutional interest in the requested communications. In a similar situation to that now before the Court, a district court denied a government motion to quash a subpoena requesting documents from a corporate victim for the purposes of a sentencing hearing, finding that such a request is not "harassment." *See United States v. Lester*, No. 1:14-cr-00236-DAD-BAM-1, 2016 U.S. Dist. LEXIS 127570, at *4 (E.D. Cal. Sep. 17, 2016). Specifically, the court held that "[w]hile the production of documents may impose a burden on [the victim corporation], the court does not find that this amounts to undue harassment, especially in light of defendant's post-conviction right to 'offer evidence in support of factors that might warrant a reduced sentence.'" *Id.* Moreover, a defendant's due process right overrides the interest of the government in preventing the disclosure even of materials it has agreed to keep confidential. *See United States v. Bergonzi*, 216 F.R.D. 487, 499 (N.D. Cal. 2003) (government required to discover to the defense reports of a third-party internal investigation, even one the government had agreed to keep confidential, because they represented "a useful roadmap" and *Brady* thus compelled their disclosure).

---

requesting personal tax and financial information from government informants); and "work product," *id*. However, the Government does not claim that any of these interests are applicable to the present situation.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 3
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

In the absence of any legal support for any of its purported interests—and in light of the above-referenced cases that cut against the Government's argument for standing—the Government has not met its burden to establish that it has standing to quash Ms. Hankins's requested subpoenas. Its motion should be denied on this basis alone.

II.     **Ms. Hankins's Request Is for Exculpatory Materials that She Is Entitled to under the Due Process Clause.**

Even if the Government's motion were properly before the Court and could be heard on the merits, the Government fails to demonstrate how Ms. Hankins's requested subpoena is unreasonable or oppressive. And as explained below, Ms. Hankins has constitutional due process and fair trial rights to the requested communications.

   A.     **Ms. Hankins's Subpoena Is Not for the Purposes of Impeachment by Cross Examination and Is Thus Not Barred by *Nixon*.**

Contrary to the Government's assertion, Ms. Hankins did not request the communications at issue solely for the purposes of impeachment. The Government is correct that, under *United States v. Nixon*, 418 U.S. 683, 701-02 (1974), impeachment alone is an insufficient basis for a pretrial Rule 17(c) subpoena. As courts in this Circuit have recognized, this rule from *Nixon* is "likely referring to the Jencks Act, passed in 1957, which requires production of witness statements by the government only after the witness has testified." *United States v. Hussain*, No. 16-cr-00462-CRB-1, 2018 U.S. Dist. LEXIS 32970, at *5 (N.D. Cal. Feb. 28, 2018). As such, this rule is inapplicable to the present posture. Ms. Hankins is not requesting these communications for impeachment, as that term is used in *Nixon* and its progeny, but rather to challenge Endeavor's unsworn and untested allegations that Ms. Hankins stole money from the festivals for her own personal enrichment.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 4
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

As explained in Ms. Hankins's Second Motion to Continue Sentencing—incorporated by reference in her Memorandum in Support of Motion for Issuance of Rule 17(c) Subpoenas, *see* ECF No. 34 at 8—Ms. Hankins seeks disclosure of communications between the Government and Endeavor due to the vast disparity between, on the one hand, the untested allegations in Endeavor's victim impact statement, and on the other, the facts set forth in the plea agreement and represented to Ms. Hankins by the Government during the course of plea negotiations, *see* ECF. No. 30 at 8-9.

As the Government expressly stated to defense counsel—during phone calls on May 20, 2022, and then again on September 29, 2022[2]—this case is not about theft. Had the Government's investigation uncovered evidence of Ms. Hankins stealing money from the festivals, charges were available to it to vindicate that additional loss, and the Government could have sought a greater loss figure in plea negotiations and thus a greater amount in restitution. The Government also could have alleged in the complaint that Ms. Hankins's financial misrepresentations were for the purposes of personal enrichment. As reflected in the plea agreement, however, the Government took none of these actions.

Endeavor, unlike the Government, now claims that there is a significant amount of evidence that Ms. Hankins misappropriated festival funds for her own use. That these allegations have been made in this criminal proceeding came as a surprise to Ms. Hankins because the Government repeatedly represented that had not uncovered evidence that Ms. Hankins stole money from the festivals and that this was a case of false representation without theft or personal enrichment. Indeed, pursuant to a phone call with defense counsel on May 20, 2022, the Government agreed to recommend a three-level downward departure on the basis of the unique

---

[2] As attested in the soon-to-be filed Declaration of Katherine Marchant.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 5
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

circumstances of the case, far removed from a typical wire fraud case.[3] Consequently, Ms. Hankins is seeking production of communications regarding allegations of theft and containing evidence that the Government informed Endeavor that its investigation did not uncover proof that Ms. Hankins stole money.

That such communications exist is not speculation. As noted by the Government, it had a duty to confer with Endeavor about the plea offer it made to Ms. Hankins. *See* ECF No. 43 at 5. It is inconceivable that Endeavor, when it reported the offense and after, would not bring up its litany of additional allegations against Ms. Hankins. The Government would then have been bound, under its duty not to make any representations that its investigation did not support, to inform Endeavor that it would not be proceeding on Endeavor's additional allegations. Thus, and as addressed further below, evidence that the Government developed, and statements that it made, that contradict Endeavor's factual allegations are exculpatory, and Ms. Hankins is constitutionally entitled to review and present them at sentencing.

Finally, Ms. Hankins's request meets the three *Nixon* prongs of admissibility, specificity, and relevance. First, the requested communications are admissible because, as addressed in Ms. Hankins's Memorandum in Support of Motion for Issuance of Rule 17(c) Subpoenas, ECF No. 34 at 9-10, the Federal Rules of Evidence do not apply at sentencing, Fed. Rules Evid. R. 1101(d)(3). Instead, the only evidentiary requirement at sentencing is that the sentence be based on information that has "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3. The Government cannot reasonably argue that its own communications with Endeavor are not reliable, and Ms. Hankins's request therefore meets the relaxed standard of admissibility applicable at sentencing. Second, as discussed above, Ms. Hankins's request is not speculative

---

[3] As attested in the soon-to-be filed Declaration of Katherine MArchant.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 6
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

and is thus sufficiently specific. Third, for the foregoing reasons and those that follow, the requested materials are highly relevant and necessary to Ms. Hankins's defense at sentencing.

      **B.**    **Ms. Hankins Has the Right to Challenge Endeavor's Unsworn and Untested Factual Allegations.**

Ms. Hankins has a due process right to challenge Endeavor's facts and arguments that may be used to deprive her of liberty. *See Rita v. United States*, 441 U.S. 338, 351 (2007) (observing that each defendant's sentence be subject to "thorough adversarial testing") (citing *Burns v. United States*, 501 U.S. 129, 137-38 (recognizing importance of notice and meaningful opportunity to be heard at sentencing)); *Gardner v. Florida*, 430 U.S. 349, 351, 358 (1977); *United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948) (stating that it is "a requirement of fair play that a criminal sentence is not predicated on misinformation"); *accord United States v. Mannino*, 212 F.3d 835, 845-46 (3d Cir. 200) ("Obviously, a criminal defendant must be afforded due process at sentencing").

Though a victim has a right, under the Crime Victim's Rights Act (CVRA), to be reasonably heard—and the sentencing court may take a victim impact statement into account in imposing the sentence—this right to be heard does not abrogate Ms. Hankins's constitutional right to be sentenced only on the basis of accurate information. *See Tucker*, 404 U.S. at 447 (holding that the Due Process Clause requires that a defendant not be sentenced on the basis of "misinformation of constitutional magnitude"); *see also United States v. Ausburn*, 502 F.3d 313, 322-23 (3d Cir. 2007) (recognizing defendants' "due process right to be sentenced based upon accurate information"). Where a victim submits factual allegations in support of its desired sentence, the defendant has the right to offer a meaningful response. *See, e.g., United States v. Endsley*, 2009 WL 385864, *7 (D. Kan. Feb. 17, 2009) (rejecting the government's argument that the defendant lacked the right to counter information provided by a victim and observing that "the

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 7
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

defendant certainly has the right to challenge the reliability of [the victim's] causation opinion by argument or evidence").

Here, Ms. Hankins is merely seeking to ensure that the information considered by the Court in imposing her sentence passes constitutional muster. And this purpose accords with the Sentencing Guidelines and the law of this Circuit, which require that any information relied upon by the court at sentencing be supported by "sufficient indicia of reliability to support its probable accuracy." USSG § 6A1.3; *see also United States v. Berry*, 258 F.3d 971, 976 (9th Cir. 2001). As it stands, Endeavor has submitted to the Court a litany of unsworn allegations that stand in direct contradiction to the terms of the plea agreement between Ms. Hankins and the Government. Given the sharp difference between the facts contained in the plea agreement and those alleged in Endeavor's victim statement, no indicia of reliability are present to support Endeavor's victim statement. Through her requested subpoenas, including Paragraph 26, Ms. Hankins is attempting to remedy this unfair and unconstitutional situation.

      C.     *Brady* **Requires Disclosure of the Requested Materials.**

The aforementioned disparity between the plea agreement and Endeavor's victim statement provides strong indication that the requested communications between the Government and Endeavor will contain exculpatory information, which Ms. Hankins is constitutionally entitled to receive. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963) (prosecutors have duty to disclose to the defense "evidence favorable to an accused . . . [that] is material either to guilt or to punishment"). Pursuant to *Brady* and its progeny, exculpatory evidence must be produced at a time meaningful to the defendant. *See United States v. Davenport*, 753 F.2d 1460, 1462 (9th Cir. 1985) (*Brady* disclosure "must be made at a time when disclosure would be of value to the accused"). Further, in the Ninth Circuit, the Government is required to disclose *Brady* material

that supports motions made on constitutional grounds. *See United States v. Gamez-Orduno*, 235 F.3d 453, 461 (9th Cir. 2000) (holding that the government is required to disclose "material evidence helpful to the accused, whether at trial or on a motion to suppress").

The requested communications between the Government and Endeavor most likely contain exculpatory evidence that bears on the punishment that will be imposed on Ms. Hankins. During plea negotiations, the Government never took the position that Ms. Hankins stole money for her own personal enrichment. Endeavor now does. Considering that the CVRA requires the government to consult with the victim prior to rendering a plea offer, *see* 18 U.S.C. § 3771, it is inconceivable that Endeavor never relayed this position to the Government. Since the plea offer and agreement contained no mention of such conduct, the Government clearly rejected Endeavor's position based on its own extensive investigation. Any communications expressing the Government's non-pursuit of Endeavor's allegations would therefore weaken the power of Endeavor's victim impact statement and be exculpatory for Ms. Hankins. *Brady* thus requires the disclosure of the requested communications.

Likewise, any communications by the Government signaling allowance of Endeavor's allegations of theft would also be exculpatory for Ms. Hankins. Inexplicably, though the Government has not put forward a theory of theft—and, in fact, has agreed to recommend a three-level downward variance based on the lack of evidence of theft or personal enrichment, *see* ECF No. 10 at 4, ¶ 9—the Government now sits silent in the face of Endeavor's contradictory allegations. If the Government's communications with Endeavor contain evidence that the Government was aware of Endeavor's allegations of theft, it could constitute a breach of the plea agreement. The plea agreement limited the Government's presentation at sentencing, and since the plea agreement did not include the theft allegations contained in Endeavor's victim impact

statement, once the Government became aware that Endeavor would be making these factual allegations, it was required to correct Endeavor's misconceptions about the scope of the criminal case. Any communications indicating the Government's awareness and allowance of Endeavor's allegations would therefore constitute valuable exculpatory evidence for Ms. Hankins at sentencing. *United States v. Dicus*, 579 F.Supp.2d 1142 (N.D. Iowa 2008) (granting sentence reduction as remedy where prosecutor breached plea agreement by recommending career offender Guidelines).

Further, not only is the Government's current attempt to prevent disclosure of the requested communications unavailing, but the Government was also already on notice of the exculpatory nature of these communications since defense counsel previously informed the Government—by email on February 3, 2023[4]—of Ms. Hankins's need for them under *Brady*. The Government's failure to perform its independent duty to disclose this exculpatory evidence, already requested by the defense, is thus compounded by its current attempt to prevent disclosure from a third party. Therefore, Ms. Hankins's request in Paragraph 26 is not for impeachment material, but rather for exculpatory evidence to which Ms. Hankins is constitutionally entitled.

Now, in light of Endeavor's myriad factual allegations that stand in direct contradiction to the plea agreement, the current moment—ahead of sentencing—is the only time that Ms. Hankins can make meaningful use of this evidence. For the Government to now seek to prevent Ms. Hankins from receiving the material exacerbates the injustice done to Ms. Hankins by the untested allegations contained in Endeavor's victim impact statement, the Government's failure to promptly disclose evidence of its own unsuccessful efforts to prove theft, and its communications to Endeavor of the same. Therefore, Ms. Hankins's overriding constitutional

---

[4] As attested in the soon-to-be filed Declaration of Katherine Marchant.

DEFENDANT'S RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS – 10
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

interest in the requested communications requires their disclosure ahead of the sentencing hearing, and the Government's attempt to prevent that disclosure should be rejected.

**III.   Ms. Hankins's Request Does Not Violate Endeavor's Rights under the CVRA.**

The Government makes the unfounded claim that Ms. Hankins's request for the communications at issue "chills" victims' rights and protections under the CVRA. However, the Government offers no legal support for this argument beyond the CVRA itself, and the CVRA—critically—is silent on the issue of whether communications between the government and a victim can be subject to a Rule 17(c) subpoena. Had Congress wished to exempt such communications from disclosure, it had the power to do so. But Congress did not do so.

Nothing about Ms. Hankins's request significantly impedes Endeavor's rights under the CVRA. As the Government notes, the CVRA gives victims "the right to be heard at any public proceeding involving a plea or sentencing, to confer with the attorney for the government in the case, to be treated with fairness and with respect for the victim's dignity and privacy, and to be informed in a timely manner of any plea bargain." ECF No. 43 at 5. To the extent that Ms. Hankins's request intrudes on Endeavor's right to privacy, that intrusion is minimal in light of Ms. Hankins's right to the requested information. *See v. Lester*, 2016 U.S. Dist. LEXIS 127570, at *4 ("While the production of documents may impose a burden on [the victim corporation], the court does not find that this amounts to undue harassment, especially in light of defendant's post-conviction right to 'offer evidence in support of factors that might warrant a reduced sentence.'").

Moreover, the due process right of an accused at sentencing is "paramount" and must outweigh a victim's interest in avoiding a minor intrusion on its privacy. *See United States v. Wei Lin*, No. 1:12-CR-00012-1, 2012 U.S. Dist. LEXIS 173441, at *5 (D. N. Mar. I. Dec. 4, 2012) ("In the context of a sentencing hearing, a defendant's due process right to being sentenced upon not

materially untrue facts is paramount.") (citing *Townsend v. Burke*, 334 U.S. 736 (1948)). Therefore, the CVRA does not obviate Ms. Hankins's right to the requested information.

## IV.   The Government Mischaracterizes Prior Rulings of this Court.

In its motion, the Government makes the inaccurate assertion that this Court found that Ms. Hankins's claims in her Motion to Dismiss were "baseless" and that "no issues were left open" following the Court's denial of Ms. Hankins's motion. ECF No. 43 at 6-7. This is a mischaracterization of this Court's rulings.

Initially, the Government's claim that the Court found Ms. Hankins's Motion to Dismiss "baseless" likewise does not find support in the record. In fact, far from stating that Ms. Hankins's serious concerns about the Government's press release were baseless, the Court wrote the following: "Despite the government's assertion in a press release, the court does not believe that a twenty-year-old fraud conviction, unrelated to this offense, makes Ms. Hankins a 'serial fraudster.' It would be akin to saying that someone who visited France twice in the last twenty years is a Francophile." ECF No. 27. This statement cannot be squared with the Government's characterization of Ms. Hankins's constitutional concerns as "baseless."

Further, contrary to the Government's claims, though the Court ultimately concluded that the Government's "unfortunate" press release did not warrant dismissal of the charges against Ms. Hankins, it nonetheless found that any remedy for the Government's inflammatory statements would be reached at sentencing. *See* ECF No. 20 at 4 ("Nothing prevents Defendant from presenting any evidence she feels is relevant to sentencing. Although Defendant requests a hearing on this motion, all of the evidence she seeks to present at such a hearing may be presented at sentencing."). The Court then reiterated this point in a subsequent order, noting again that "Defendant will be permitted to present evidence at sentencing regarding prejudice

from the Government's press release and the impact on the relevant sentencing factors." ECF No. 24. In light of this language from the Court, the Government's statement that "no issues were left open" is inaccurate. Rather, the Court has explicitly left open for sentencing issue of the appropriate remedy for the Government's inflammatory and inappropriate misstatements.

Where the government has engaged in misconduct that prejudiced the defendant, downward departures or variances are appropriate. *See, e.g., United States v. Lopez*, 106 F.3d 309, 311 (9th Cir. 1997) (affirming three-level downward departure where prosecutor's misconduct in dealing with defendant without his counsel prejudiced his opportunity to possibly obtain better plea bargain); *Dicus*, 579 F.Supp.2d at 1158 (suitable remedy for government's misconduct in breaching plea agreement was reduction of defendant's sentence). Similarly, district courts have imposed below-Guidelines sentences where the defendant faced significant collateral consequences form the conviction. *See, e.g., United States v. Pauley*, 511 F.3d 468 (4th Cir. 2007) (affirming thirty-six-month downward variance in part based on defendant's loss of teaching credentials and state pension as a result of the conviction); *United States v. Shanshan Du*, 570 F. App'x 490, 508-09 (6th Cir. 2014)) (affirming sentence of 12 months where Guidelines were 78-79 months and holding that it was proper for district court to consider defendant's deteriorating mental health throughout the multi-year fraud prosecution).

As Ms. Hankins will demonstrate at sentencing (and as explained in her prior pleadings), the Government's improper press release has prejudiced her ability to fully defend herself at sentencing and has already caused immeasurable reputational harm that will continue to follow her irrespective of the sentence imposed by the Court. In this situation, not only is a downward departure or variance appropriate, but Ms. Hankins's need for the requested communications between the Government and Endeavor is even more acute. Considering their very likely

exculpatory value—discussed above—depriving Ms. Hankins of these communications would only exacerbate the prejudice already caused to Ms. Hankins by the Government.

V.  **Ms. Hankins's Request for Communications Does Not Invades the Executive Function to Engage in Plea Negotiations.**

The Government overreaches by claiming that Ms. Hankins's request somehow "invades the executive function to engage in plea negotiations" This strained argument finds no support in the law of this Circuit and, if taken to its logical conclusion, amounts to the genesis of a new category of privilege not created by Congress or found in common law. It should be rejected.

The cases cited by the Government—namely, *Ellis v. United States Dist. Court (In re Ellis)*, 356 F.3d 1198 (9th Cir. 2004) and *United States v. Barker*, 681 F.2d 589 (9th Cir. 1982)—do not, in fact, stand for the proposition that the Court cannot order a third party to produce records related to plea negotiations. Neither is apposite because neither concerned disclosure of communications related to plea negotiations. Instead, at issue in these cases were the respective powers of the government and the court to reinstate an indictment.

In *Ellis*, a defendant, charged by indictment with first-degree murder, entered into a plea agreement pursuant to which he pled guilty to a superseding information charging him with second degree murder. 356 F.3d at 1201. The district court, which had accepted the defendant's plea, rejected the plea agreement and instead arraigned the defendant on the still-pending first-degree murder charge. *Id.* at 1202. On mandamus, the Ninth Circuit wrote en banc to hold that the district court erred by "injecting itself into the charging decision by vacating the plea and requiring Ellis to plead to higher charges." *Id.* at 1203. "Because the prosecutor represents the executive branch," the court reasoned, "the district court's reinstatement of the first degree murder charge over the government's objection disregarded the traditional requirement of

separation of powers -- that the 'judiciary remain independent of executive affairs.'" *Id.* at 1209 (quoting *United States v. Miller*, 722 F.2d 562, 565 (9th Cir. 1983).

Similarly, the other case cited by the Government, *Barker*, concerned the power of the government to reinstate an indictment when a defendant's guilty plea to a lesser included offense was set aside. 681 F.2d at 590. The Ninth Circuit rejected the defendant's argument that the indictment should be dismissed on double jeopardy grounds. *See id.* at 590-92. The court reasoned that "the trial judge's review of a plea agreement is not a forum for consideration of the factual basis of the abandoned charges." *Id.* at 592. Therefore, "[i]n accepting the plea to the lesser offense, the judge is not free to consider conviction or acquittal on the more serious offense" because, "[i]n the context of a plea hearing, the latter charge is not before him." *Id.*

Notably, neither *Ellis* nor *Barker* even remotely concerned the potential disclosure of communications between the government and a third party in relation to a plea agreement. It is telling that the government cites these cases related to vacation of plea agreements, rather than any case more on point. Indeed, there is no precedential support for the government's position because the doctrine that it is attempting to will into existence is not a part of the law of this Circuit. Instead, as detailed above, communications by the Government must be disclosed if they contain exculpatory evidence.

Nothing about Ms. Hankins's request for a discreet set of historical communications between the government and Endeavor violates separation of powers. The plea negotiations have already occurred, a plea offer was made and accepted, and the resulting plea agreement has been accepted by the Court. Accordingly, disclosure of the communications between Endeavor and the government during the course of plea negotiations would in no way intrude on the government's unquestioned power to negotiate a plea bargain. The power has already been

exercised. The Government's separation of powers argument is therefore unavailing and should be rejected.

## VI. Conclusion

For the foregoing reasons, the Government failed to meet its burden to establish standing to bring the present motion to quash Ms. Hankins's requested subpoenas. Moreover, the Government's argument also fails on the merits because Ms. Hankins's constitutional due process right to receive the requested communications renders her request neither unreasonable nor oppressive.

DATED this 9th day of February, 2023.

Respectfully submitted,

s/Janet Hoffman
JANET HOFFMAN, OSB No. 781145
KATHERINE MARCHANT, OSB No. 161147
ETHAN HAZEL, OSB No. 215406
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Phone: (503) 222-1125
Email: janet@jhoffman.com
Attorneys for Defendant Anne Hankins

## CERTIFCATE OF SERVICE

    I, Janet Hoffman, undersigned counsel hereby certifies that a copy of this RESPONSE TO GOVERNMENT'S MOTION TO QUASH, IN PART, RULE 17 SUBPOENAS was filed electronically on February 9, 2023, through the CM/ECF service for the United States District Court, District of Oregon and thereby served on all parties of record in this matter.

 

                */s/ Janet Hoffman*
                Janet Hoffman, OSB No. 781145
                Janet Hoffman & Associates LLC
                1000 SW Broadway, Suite 1500
                Portland, OR 97205
                janet@jhoffman.com
                (503) 222-1125