**Matthew J. Kalmanson,** OSB No. 041280
E-mail:  mjk@hartwagner.com
**Blake H. Fry,** OSB No. 100128
E-mail:  bhf@hartwagner.com
**HART WAGNER LLP**
1000 SW Broadway, Twentieth Floor
Portland, OR 97205
Telephone:  (503) 222-4499
Facsimile:  (503) 222-2301

<u>Of Attorneys for Non-Parties WCMC Holdings, LLC,
William Morris Endeavor Entertainment, LLC,
WME IME, LLC, and WCMC, LLC</u>

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 6:22-cr-00317-MC |
| Plaintiff, | |
| v. | SUPPLEMENTAL DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF VICTIMS' OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS |
| ANNE HANKINS, | |
| Defendant. | |

I, Matthew Kalmanson, declare as follows:

1.      I am an attorney for non-parties WCMC Holdings, LLC ("Holdings"); William

Morris Endeavor Entertainment, LLC; WME IME, LLC; and WCMC, LLC ("Victims").  I make

this declaration based on personal knowledge, except where stated herein.

/ / /

/ / /

SUPPLEMENTAL DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF
VICTIMS' OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS – 1

2.      On February 3, 2023, I submitted a Declaration to this Court in support of

Victims' Opposition to Hankins's Motion to Issue Rule 17(c) Subpoenas to Victims.  The

purpose of that Declaration was to let the Court know about the documents produced to Hankins

in the arbitration.

3.      I am submitting this Supplemental Declaration to clarify one issue that Defendant

focuses on her Reply, not because Victims believe it to be relevant to the issues before this

Court, but to make sure the record is clear.

4.      The VIS states that Victims retained Exiger in "September of 2018" to investigate

Hankins's conduct.  (VIS, p.4.)  Victims' Opposition and my Declaration in support, however,

state that Victims produced documents in the arbitration pertinent to the "2019" investigation by

Exiger.  (Kalmanson Dec, ¶ 13; Opposition at 7.)

5.      The declaration of Howard Levine filed with Hankins's Reply supports these

statements, as he declares that he received from Victims an October 31, 2018 summary of

findings from Exiger, as well as emails involving Exiger from February of 2019.  (Levine Dec, ¶

24(b)-(c).)  That said, it would have been more accurate for my declaration to state that the

Exiger investigation took place primarily in 2018, although Exiger continued to communicate

with Victims and their counsel about these issues into early 2019.

6.      If my reference to a 2019 investigation caused confusion, I apologize.  Again,

however, the VIS itself states only that Victims retained Exiger in "September of 2018," and

therefore Hankins could not have filed her Motion for subpoenas because of purported confusion

over when the investigation occurred.

/ / /

/ / /

SUPPLEMENTAL DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF
VICTIMS' OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS – 2

7.      Victims are submitting this supplemental declaration only to clarify that statement about Exiger's investigation.  Victims are not conceding the accuracy of any statement made for the first time on Reply about documents produced in the arbitration, any conclusions Hankins's counsel draws from those documents, and the meaning and relevancy of case-law cited for the first time in Hankins's Reply.  As stated in their Opposition, while Victims wish to exercise their statutory right to be heard at a criminal sentencing, they do not wish to be dragged into a "point-counterpoint" with Hankins's legal team over these issues in a criminal proceeding brought by the Government.

Respectfully submitted this 10th day of February, 2023.

HART WAGNER LLP


By:    */s/ Matthew J. Kalmanson*

Matthew J. Kalmanson, OSB No. 041280
Of Attorneys for Non-Parties WCMC
Holdings, LLC, William Morris Endeavor
Entertainment, LLC, WME IME, LLC, and
WCMC, LLC

SUPPLEMENTAL DECLARATION OF MATTHEW J. KALMANSON IN SUPPORT OF
VICTIMS' OPPOSITION TO HANKINS'S REQUEST FOR RULE 17(c) SUBPOENAS – 3