NATALIE K. WIGHT, OSB #035576
United States Attorney
District of Oregon
**GAVIN W. BRUCE, OSB #113384**
Assistant United States Attorney
Gavin.Bruce@usdoj.gov
405 E 8th Avenue, Suite 2400
Eugene, OR 97401
Telephone: (541) 465-6771
Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 6:22-cr-00317-MC-001 |
| v. | **GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SET RESTITUTION HEARING AND MOTION TO COMPEL DISCOVERY, ECF NOs. 53 AND 54.** |
| **ANNE HANKINS,** | |
| Defendant. | |

Defendant Hankins requests a restitution hearing and again demands communications between the Government and victim "[i]n order to prepare for a contested restitution hearing." ECF NO. 53 at 2; ECF No. 54.  But there is no significant evidentiary dispute regarding the restitution sought by the United States.  Hankins concedes that the United States has complied with its discovery obligations related to its restitution request.  She rehashes claims that this

**Government's Response to Motion to Set Restitution Hearing**        **Page 1**
**and Motion to Compel Discovery**

Court already denied and prolongs her fishing expedition for immaterial discovery. The motions should be denied.

## ARGUMENT

### A. Discovery Has Been Provided On the Relevant Restitution Claim.

There is no significant evidentiary dispute between Hankins and the United States regarding restitution. The United States seeks a restitution order of $1.5 million. This is the amount of the payment that Endeavor made to purchase Hankins's 49% interest in WCMC. Hankins agrees that Endeavor paid her $1.5 million dollars and that Endeavor materially relied on false financial accounting provided by Hankins in deciding to purchase her interest in WCMC. ECF No. 10 at ¶ 5 (Plea agreement factual basis). Hankins did not object to the pre-sentence report (PSR) factual findings that Endeavor paid Hankins $1.5 million and relied on her false financial statement in buying the company. PSR ¶¶ 18-19, Addendum.

Hankins disputes only whether the full $1.5 million constitutes a loss for restitution purposes. That is in part a question of law. To the extent it is a question of fact, she concedes that the United States has "complied with its discovery obligations as to the $1,500,000 claim." ECF No. 54 at 5; *see also* ECF No. 53 at 4. She agrees she "has sufficient information regarding the $1,500,000 to rebut this claim." ECF No. 53 at 4. There is no reason to delay imposition of restitution or to require Endeavor or the Government to produce additional discovery when the sole issue is ready to be determined, and Hankins has the relevant discovery.

### B. The Motion to Set Restitution Hearing Should Be Denied

Nonetheless, she seeks to set a restitution hearing separate from the March 14 sentencing and again requests specific documents from Endeavor based on her understanding that the

Court's order denying her subpoena request left the issue unresolved. ECF No. 53 at 2, 9. She seeks information related to two issues raised by Endeavor in the victim impact statement (VIS): (1) an $800,000 loss regarding Endeavor's payment to Hankins in April 2013 for the initial 51% of the company; and (2) a $331,000 loss associated with payments to two individuals who loaned WCMC money and sued for non-payment.[1]

Regarding the first, she admits that she "has the 2013 purchase agreement" as well as "other materials," but speculates that she has not received unspecified evidence that might exist to support Endeavor's claim that it would not have partnered with Hankins if it had known about her prior fraud conviction. ECF No. 53 at 6-7. Regarding the second, she concedes that she "was provided" documents, but seeks specific evidence "to the extent Endeavor has [it]" about the business decisions that lead Endeavor to repay the loans, the liability of the entity that paid the funds, records relating to the business purpose of the loan proceeds, and evidence showing what amounts made up the settlement. ECF No. 53 at 6, 7-8.

This is a fishing expedition. It is also irrelevant to the restitution dispute between the parties; the United States is not seeking restitution for either of these two claims. *See* ECF No. 56. The motion to set restitution hearing and request for documents must be denied. *United States v. Reed*, 726 F.2d 570, 577 (9th Cir. 1984) (Rule 17(c) is not a discovery device and is not intended "to allow a blind fishing expedition seeking unknown evidence"); *United States v. Morris*, 287 F.3d 985, 991 (10th Cir. 2002) (specificity is not met where the party seeking production cannot verify "whether the requested material even exists"); *United States v. Spires*, 3

---

[1] A third request related to $135,070.93 in legal fees made in was withdrawn as moot. ECF No. 53 at 8-9.

**Government's Response to Motion to Set Restitution**                                                   Page 3
**Hearing and Motion to Compel Discovery**

F.3d 1234, 1238 (9th Cir. 1993) (relevance not met if defendant has not shown how the information is helpful to his defense beyond mere speculation).

Hankins received voluminous discovery from Endeavor, overseen by a civil arbitrator, with express authorization to use it in the criminal proceedings. ECF No. 42 at 2. Hankins also received substantial discovery from the United States in this proceeding. The Court has reminded Hankins that she may call witnesses and elicit testimony about relevant facts at the sentencing hearing. ECF No. 20 at 5. She is free to argue that the record lacks sufficient proof of loss related to these two VIS claims. But there is no reason to further delay proceedings or require Endeavor to produce irrelevant documents that she has not shown exist.

Determining loss is a basic function of sentencing courts and this Court is well-versed in the process. There is nothing unusual or extraordinary about the United States' restitution request in this case. It can be handled by this well-informed Court at the sentencing hearing. Hankins has shown no good cause to further delay vindicating the victim's restitution rights.

### C. The Motion to Compel Discovery Should Be Denied

Hankins also demands that the United States produce material outside the scope of its restitution claim under the guise of *Brady v. Maryland*, 373 U.S. 83 (1963). But that is not the purpose of *Brady*. Hankins cites no authority that requires the Government to disclose material it has not been shown to even possess, related to conduct outside the scope of the prosecution, so that she can attack a statement of loss articulated by the victim but not incorporated into the United States' restitution request.[2]

---

[2] The United States informed the U.S. Probation Office that it would seek $1.5 million in restitution well before it received Endeavor's victim impact statement.

**Government's Response to Motion to Set Restitution**  Page 4
**Hearing and Motion to Compel Discovery**

This criminal case is simple and straightforward. The United States is not interested in engaging in a proxy war regarding ultimate damages relevant to Hankins's civil suit. The United States seeks restitution to make whole only the payment made in reliance on Hankins's fraudulent statements; a payment that Endeavor would not have made had it known the true status of WCMC's financial condition.

Yet Hankins continues to seek a broad swath of communications between the United States and Endeavor unrelated to this singular matter. She seeks communications: (1) concerning Endeavor's restitution requests and materials provided to the Government to support its restitution requests; and (2) discussing Endeavor's allegations that Hankins embezzled or misappropriated funds, including discussion of the Government's plea concession to a 3-point sentencing reduction; the wording of the press release issued after the guilty plea; and documents generated by the Government that would impeach Endeavor's allegations of embezzlement. ECF No. 54 at 3.

The Court has already found that Hankins' requests for communications between the Government and Victim regarding the prosecution, status of plea negotiations, wording of public statements and information regarding positions taken by the Government relating to Hankins intrude on the Government's obligations under the Crime Victim Rights Act (CVRA). ECF No. 52 at 4 n.1. Hankins's motion to compel discovery seeks more of the same. She claims she has narrowed her request to "only materials the Government is constitutionally required to produce." ECF No. 54 at 3-4. But simply saying so does not make it so. The CVRA concerns still apply. And the Constitution does not require the Government to produce speculative and immaterial information.

"*Brady* does not establish a duty to provide defense counsel with unlimited discovery of everything known by the prosecutor or permit the defendant to compel production of [evidence] so that [s]he could search through them for anything useful." *United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016) (citing *United States v. Michaels*, 796 F.2d 1112, 1116 (9th Cir. 1986)) (internal quotation marks omitted). "[M]ere speculation about materials in the Government's files' [does] not require the district court to make those materials available." *Lucas*, 841 F.3d at 808 (citing *United States v. Mincoff*, 574 F.3d 1186, 1199-2000 (9th Cir. 2009)) (internal quotation marks omitted). *Brady* does not entitle a defendant to discovery where she cannot "point to any existing favorable evidence to support [her] speculation." *Lucas*, 841 F.3d at 802. Ultimately, the "prosecutor [is] the initial arbiter of materiality and disclosure" and unless the defendant "can make a showing of materiality or demonstrate that the Government has withheld favorable evidence, [s]he must rely on the prosecutor's decision [regarding] disclosure." *Id.* at 809.

The materials sought to be compelled either do not exist, are not material to the United States' restitution request, or both. Hankins acknowledges this. ECF No. 54 at 8-9. Unsatisfied, she takes the Court on a circuitous journey down speculation highway about the likelihood that the United States and Endeavor had certain communications, that the United States investigated certain claims, and that the United States made certain prosecution decisions based on the conversations and investigative findings that she believes "presumably" happened. *Id*. at 8-11. She falls short of establishing a *Brady* obligation to produce the material she has identified as possibly existing.

Hankins is welcome to advance her loss arguments in the civil suit where the damages issue is much broader. Here, the United States seeks restitution of the $1.5 million that Hankins agreed Endeavor paid in reliance on her fraud – a fact she has admitted. The motion to compel discovery should be denied.

## CONCLUSION

Hankins's motion to set a restitution hearing and require Endeavor to produce certain documents, and motion to compel Government discovery should be denied.

Dated: March 8, 2023                                Respectfully submitted,

                                                    NATALIE K. WIGHT
                                                    United States Attorney

                                                    /s/ Gavin W. Bruce
                                                    GAVIN W. BRUCE
                                                    Assistant United States Attorney