JANET LEE HOFFMAN, OSB No. 781145
E-mail: janet@jhoffman.com
KATHERINE MARCHANT, OSB NO. 161147
E-mail: katie@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Telephone: (503) 222-1125

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>ANNE HANKINS,<br><br>         Defendant. | Case No. 6:22-cr-00317-MC<br><br>**DEFENDANT ANNE HANKINS'S REPLY TO GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO SET RESTITUTION HEARING AND MOTION TO COMPEL DISCOVERY** |

      Ms. Hankins submits this Reply to respond to several factual inaccuracies and mischaracterizations in the Government's Response, ECF No. 57. Initially, the Government claims that there is no dispute as to whether "Endeavor materially relied on false financial accounting provided by Hankins in deciding to purchase her interest in WCMC." *Id.* at 2. However, it is not true that Ms. Hankins admitted that Endeavor "materially relied on" her financial misstatement. Rather, Ms. Hankins admitted in the Plea Agreement that her false financial statement "was *a material factor* in Endeavor's decision to purchase [her] remaining interest in WCMC." ECF No. 10 at ¶ 5 (emphasis added). Moreover, for the reasons discussed below, the Government's Response mischaracterizes the purpose, nature, and constitutional

import of Ms. Hankins's Motion to Set a Restitution Hearing, ECF No. 53, and Motion to Compel Discovery, ECF No. 54.

I.  **Ms. Hankins Requires Additional Time to Prepare to Rebut Endeavor's Claims of Loss.**

The Government maintains that it will be seeking only the agreed upon loss amount of $1.5 million in restitution. However, the Government has also represented to defense counsel that it will be "notifying the court that the victim believes it is entitled to the $1.5 million plus the $800,000 it paid in 2013, and the $331,000 in settlements to the noteholders." Exhibit A (Email from Gavin Bruce, March 3, 2023). Under the Mandatory Victim Restitution Act (MVRA), the Court is not bound to award only the restitution affirmatively sought by the Government, but can allow a victim to prove its restitution claims as well. *See* 18 U.S.C. 3664(e) ("The burden of demonstrating such other matters as the court deems appropriate shall be upon the party designated by the court as justice requires."); *United States v. Gamma Tech Indus.*, 265 F.3d 917, 924 (9th Cir. 2001) (concluding that the MVRA "authorizes the district court to allow a victim to prove up its own claim for restitution when the court deems it appropriate to do so").

As addressed in Ms. Hankins's motion to set a restitution hearing, ECF No. 53, Ms. Hankins does not have the underlying documents supporting these two additional claims for restitution. Consequently, if Endeavor's two additional restitution claims are to be raised in the hearing, Ms. Hankins should be granted the time necessary to obtain the supporting documents discussed in her motion and prepare a defense to these claims. *See* 18 U.S.C. § 3664(d)(4) ("[T]he court may require additional documentation or hear testimony."); (d)(5) (authorizing courts to set a date for final determination of restitution within 90 days after sentencing); *Dolan v. United States*, 560 U.S. 605, 608 (2010) (permitting final determination of restitution more than 90 days after sentencing where defendant on notice that restitution would be sought).

**II.  The Government Must Produce the Requested *Brady* Evidence, Which Is Material to Ms. Hankins's Defense at Sentencing.**

In its Response, the Government inaccurately conflates the two categories of communications sought by Ms. Hankins. In her motion to compel discovery, ECF No. 54, Ms. Hankins requested both (1) communications in the Government's possession that relate to Endeavor's two additional restitution requests, and (2) communications that are relevant and necessary to Ms. Hankins's substantive defense at sentencing. The Government, however, attempts to avoid addressing Ms. Hankins's arguments as to the second category by operating under the fiction that both of Ms. Hankins's requests are directed toward restitution materials. Specifically, the Government writes that Ms. Hankins makes these requests to "attack a statement of loss articulated by the victim but not incorporated into the United States' restitution request." ECF No. 57 at 4.

Not only is this statement a mischaracterization of the full scope and purposes of Ms. Hankins's requests, but it elides the fact, noted above, that the Government informed the defense that it will be raising two of Endeavor's restitution claims in addition to the $1.5 million claim. It also ignores the fact that this Court recognized three remaining areas of restitution in footnote 2 of its Order dated February 24, 2023. ECF No. 52 at 4 n.2. At this time, it is uncertain whether representatives of Endeavor intend to present these restitution claims to the Court or if the Court intends to simply allow the victims to speak at the hearing. Regardless, this Court presumed in its footnote that Ms. Hankins had been provided with the documents related to these claims but stated that it would reconsider its conclusion that Ms. Hankins's request ton subpoena documents from Endeavor was moot if Ms. Hankins had not been provided with the necessary materials. As discussed below—as well as in Ms. Hankins's prior pleadings, ECF Nos. 53, 54—Ms. Hankins has not been provided with the materials necessary to confront these claims.

With regard to Ms. Hankins's *Brady* request for materials relevant to restitution, Ms. Hankins is entitled to documents and communications in the Government's possession, custody or control that bear on these two additional restitution claims. Though Ms. Hankins cannot conclusively prove that the Government is in possession of communications and supporting documents related to these claims, she is not required to do so. Rather, she need only make a showing of materiality. *See United States v. Lucas*, 841 F.3d 796, 808 (9th Cir. 2016) ("To challenge the government's representation that it lacks *Brady* information, [a defendant] must either make a showing of materiality under Rule 16 or otherwise demonstrate that the government improperly withheld favorable evidence."); *see also* Fed. R. Crim. P. 16(E)(i) (requiring production of items within the government's possession, custody, or control if the items are "material to preparing the defense"). Through her motion to compel discovery, ECF No. 54, Ms. Hankins has done so.

To reiterate, it is overwhelmingly likely that the Government communicated with Endeavor regarding Endeavor's claimed restitution amounts and that these communications contain evidence material to sentencing. Both the Crime Victims' Rights Act (CVRA) and the MVRA require the Government to confer with the victim as to the victim's losses and claimed restitution. *See* 18 U.S.C. § 3771(a)(5)-(6) (providing victims with "[t]he reasonable right to confer with the attorney for the Government in the case" and "[t]he right to full and timely restitution as required by law"); 18 U.S.C. § 3664(d)(1) (providing that "the attorney for the Government, after consulting, to the extent practicable, with all identified victims, shall promptly provide the probation officer with a listing of the amounts subject to restitution"). Considering these overlapping statutory duties, it beggars belief that Endeavor would not have raised these claimed restitution amounts to the Government. Moreover, since the Government—in plea negotiations and after—has repeatedly asserted that the loss amount in this case is confined to the $1.5 million reflected in the plea agreement, it is beyond probable that the Government informed Endeavor that it would not be pursuing

Endeavor's additional claims. These communications, and any documents that Endeavor submitted in support of its additional claims, are material to Ms. Hankins's defense because they are likely to show that the Government's investigation did not support Endeavor's claims. As such, Ms. Hankins has demonstrated the materiality of the requested documents to restitution, and *Brady* therefore requires the Government to produce them.

Ms. Hankins is also entitled to the production of the second category of requested documents and communications: those material to Ms. Hankins's substantive defense at sentencing, *see* ECF No. 54 at 3, 7-11. A criminal defendant has a fundamental, due process right to present evidence that corroborates her defense. *See Washington v. Texas*, 388 U.S. 14, 19 (1967) (upholding "right to present the defendant's version of the facts as well as the prosecution's" as "a fundamental element of due process of law"); *Chambers v. Mississippi*, 410 U.S. 284, 302 (recognizing defendants' "fundamental" right to present evidence in their defense). In keeping with this bedrock constitutional right, documents and communications, including those at issue here, that tend to support a defendant's theory of defense, therefore must be produced to the defense to ensure a fair trial or sentencing. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963); *United States v. Nikrasch*, 25 Fed. App'x. 570, 573 (9th Cir. 2001) ("The government's *Brady* obligations continue through the time of the sentencing hearing.").

As noted above, the Government's Response fails to address Ms. Hankins's constitutional arguments for these documents and communications, much less show that that they are not within the scope of *Brady*. Moreover, the Government does not dispute that it requested a substantial amount of documents from Endeavor during its investigation, as asserted by Endeavor in its victim impact statement, *see* Victim Impact Statement at 12. Nor does the Government claim that it did not discuss with Endeavor the additional claims of loss and purported criminal conduct raised in Endeavor's victim impact statement. Rather, the Government simply claims, without elaboration, that "[t]he materials sought to be compelled either do not exist, are not material to the United States' **restitution request,** or both." ECF

No. 57 at 6 (italics and emphasis added). This vague, ambiguous statement does not respond to Ms. Hankins's request for Brady materials for purposes of sentencing; it is limited to "restitution." It also does not countermand Ms. Hankins's demonstrated need for the requested materials, nor does it adequately show that the Government has complied with its *Brady* obligations.

To summarize, these requested materials are necessary to support two fundamental pillars of Ms. Hankins's theory of defense. First, Ms. Hankins will argue at sentencing that she is dissimilar from other, more typical wire fraud defendants because she did not embezzle or misappropriate festival funds for her own personal enrichment. *See* 18 U.S. C. § 3553(a)(1) (requiring sentencing court to consider the "nature and circumstances of the offense"). The materials requested in Ms. Hankins's motion to compel—namely, communications between the Government and Endeavor related to Endeavor's claims of embezzlement and misappropriation, any documents submitted by Endeavor to support these claims, and the Government's responses to Endeavor's allegations—are crucial to this pillar of Ms. Hankins's defense.

As discussed in multiple prior pleadings, the Government represented to defense counsel that it had not uncovered evidence of such embezzlement or misappropriation and even agreed to a three-level reduction to reflect the unique circumstances of Ms. Hankins's conduct. *See* ECF No. 49. Unless the Government will state unequivocally to the Court that its investigation did not uncover any evidence of embezzlement or misappropriation of festival funds for Ms. Hankins's personal enrichment, Ms. Hankins is entitled to documents and communications in the Government's possession, custody, or control that indicate the same. The reasons that the Government is most likely in possession of such documents and communications were provided in Ms. Hankins's motion to compel, and the Government has not affirmatively indicated that it is not in possession of such materials. Therefore, because

these documents and communications are material to show that Ms. Hankins's conduct is distinct from a typical wire fraud case, the Government must be compelled to produce them.

Additionally, and related to the above requests, the Government stated to defense counsel that it performed its own investigation and made its own determination as to the case it intended to pursue. To the extent the Government has evidence, including internal communications, supporting the fact that Ms. Hankins did not embezzle or misappropriate funds from the festivals for her own personal enrichment, that information is also subject to disclosure under *Brady*, whether or not it was shared with Endeavor and/or its affiliates. Evidence of innocence is clearly in the heartland of the exculpatory and material information covered by *Brady*.

Second, these documents and communications are also material to the issue of whether the Government committed prosecutorial misconduct in issuing its inflammatory press release, which is a potential basis for a downward variance or departure under the § 3553(a) factors. *See, e.g., United States v. Lopez*, 106 F.3d 309, 311 (9th Cir. 1997); *United States v. Dicus*, 579 F.Supp.2d 1142 (N.D. Iowa 2008). The Government also does not address with Ms. Hankins's right to materials to support this pillar of her defense. Instead, as discussed above, the Government simply conflates this request with Ms. Hankins's other, independently supported request for restitution materials. For the reasons discussed in her motion to compel, however, these documents and communications are material to Ms. Hankins's theory of prosecutorial misconduct and thus to her defense at sentencing. Ms. Hankins's fundamental constitutional rights therefore compel their production.

Finally, the Government inaccurately contends that the CVRA precludes Ms. Hankins's request for communications between it and Endeavor. ECF No. 57 at 5. The Government cites no authority for the notion that a *statutory right* held by a third party, somehow abrogates Ms. Hankins's *constitutional right* to be provided with evidence that corroborates her defense. Nor could it, because, as a matter of Supreme Court precedent,

DEFENDANT ANNE HANKINS'S REPLY TO GOVERNMENT'S RESPONSE – 7
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

"where a constitutional right comes into conflict with a statutory right, the former prevails." *Gray v. Mississippi*, 481 U.S. 648, 663 (1987). Therefore, contrary to the Government's unsupported claim otherwise, Ms. Hankins's fundamental due process right to receive the requested materials prevails here.

### III.     Conclusion

For the foregoing reasons, Ms. Hankins respectfully requests that the Court grant her Motion to Set a Restitution Hearing, ECF No. 53, and Motion to Compel Discovery, ECF No. 54.

//

DATED this 9th day of March, 2023.

Respectfully submitted,

s/Janet Hoffman
JANET HOFFMAN, OSB No. 781145
KATHERINE MARCHANT, OSB No. 161147
ETHAN HAZEL, OSB No. 215406
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Phone: (503) 222-1125
Email: janet@jhoffman.com
Attorneys for Defendant Anne Hankins

## CERTIFCATE OF SERVICE

    I, Janet Hoffman, undersigned counsel hereby certifies that a copy of this DEFENDANT ANNE HANKIN'S REPLY TO GOVERNMENT'S RESPONSE was filed electronically on March 9, 2023, through the CM/ECF service for the United States District Court, District of Oregon and thereby served on all parties of record in this matter.

*/s/ Janet Hoffman*
Janet Hoffman, OSB No. 781145
Janet Hoffman & Associates LLC
1000 SW Broadway, Suite 1500
Portland, OR 97205
janet@jhoffman.com
(503) 222-1125

DEFENDANT ANNE HANKINS'S REPLY TO GOVERNMENT'S RESPONSE – 9
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

**From:** Bruce, Gavin (USAOR) <Gavin.Bruce@usdoj.gov>
**Sent:** Friday, March 3, 2023 11:51 AM
**To:** Janet Hoffman <Janet@jhoffman.com>; Katherine Marchant <katie@jhoffman.com>
**Subject:** RE: Hankins - setting out restitution hearing

External Sender: This email came from outside of the firm. Exercise caution with any attachments or links.

We object.

**Gavin W. Bruce**
ASSISTANT UNITED STATES ATTORNEY
UNITED STATES ATTORNEY'S OFFICE
DISTRICT OF OREGON
405 E. 8th Avenue | Suite 2400 | Eugene, Oregon 97401
**(541) 465-6839 | gavin.bruce@usdoj.gov**

**From:** Janet Hoffman <Janet@jhoffman.com>
**Sent:** Friday, March 3, 2023 11:48 AM
**To:** Bruce, Gavin (USAOR) <gbruce@usa.doj.gov>; Katherine Marchant <katie@jhoffman.com>
**Subject:** [EXTERNAL] Re: Hankins - setting out restitution hearing

We cannot be ready. We need supporting documents which we don't have. Nor does it appear you have them. Are you objecting to setting it over.

Get Outlook for iOS

**From:** Bruce, Gavin (USAOR) <Gavin.Bruce@usdoj.gov>
**Sent:** Friday, March 3, 2023 11:45:12 AM
**To:** Katherine Marchant <katie@jhoffman.com>
**Cc:** Janet Hoffman <Janet@jhoffman.com>
**Subject:** RE: Hankins - setting out restitution hearing

External Sender: This email came from outside of the firm. Exercise caution with any attachments or links.

Hi Katie,

I believe we can handle everything in the single sentencing hearing on March 14. The government will be seeking $1.5 million in restitution, and notifying the court that the victim believes it is entitled to the $1.5 million plus the $800,000 it paid in 2013, and the $331,000 in settlements to the noteholders – but not the legal/investigative costs.

**Def. Exhibit A**
**Page 1 of 2**

Thanks,
Gavin

**Gavin W. Bruce**
**ASSISTANT UNITED STATES ATTORNEY**
**UNITED STATES ATTORNEY'S OFFICE**
**DISTRICT OF OREGON**
405 E. 8th Avenue | Suite 2400 | Eugene, Oregon 97401
**(541) 465-6839 | gavin.bruce@usdoj.gov**

---

**From:** Katherine Marchant <katie@jhoffman.com>
**Sent:** Tuesday, February 28, 2023 10:54 AM
**To:** Bruce, Gavin (USAOR) <gbruce@usa.doj.gov>
**Cc:** Janet Hoffman <Janet@jhoffman.com>
**Subject:** [EXTERNAL] FW: Hankins - setting out restitution hearing

Hi Gavin –
Wanted to check in on the restitution hearing. I realize I invaded your weekend with my last email. Let me know your thoughts on setting the restitution hearing – and what your availability is like.
Thanks
Katie

---

**From:** Katherine Marchant
**Sent:** Saturday, February 25, 2023 12:08 PM
**To:** gavin.bruce_usdoj.gov <gavin.bruce@usdoj.gov>
**Cc:** Janet Hoffman <Janet@jhoffman.com>
**Subject:** Hankins - setting out restitution hearing

Hi Gavin,
I wanted to touch base with you about the restitution hearing (sorry for using that expression). I was under the impression that the restitution hearing would be on a different date than sentencing, but I realized that may not be a shared understanding. We don't have all of the documentation supporting Endeavor's additional restitution claims (in particular I don't believe that we have materials supporting the investigation/legal costs identified in the victim impact statement) – those weren't part of our earlier subpoena requests. Would you have any objection if we asked the Court to set out the restitution hearing until June 1 or so? (Janet is out of the country from mid-April until late May and has a sentencing hearing in Tacoma right when she gets back). We need time to request and review the documents. Let me know your thoughts.
Thanks
Katie

**Def. Exhibit A**
**Page 2 of 2**