JANET LEE HOFFMAN, OSB No. 781145
E-mail: janet@jhoffman.com
KATHERINE MARCHANT, OSB NO. 161147
E-mail: katie@jhoffman.com
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Telephone: (503) 222-1125

## UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>              Plaintiff,<br><br>     v.<br><br>ANNE HANKINS,<br><br>              Defendant. | Case No. 6:22-cr-00317-MC<br><br>**DEFENDANT ANNE HANKINS'<br>MOTION TO CONTINUE<br>RESTITUTION HEARING** |

Defendant Anne Hankins respectfully moves this Court to continue the restitution hearing in the above-captioned matter, which is currently scheduled for May 30, 2023. Counsel attempted to contact the Government regarding its position but has not heard back as of the time of filing. There is good cause to reset the restitution hearing because counsel for Ms. Hankins recently tested positive for COVID-19 and is unable to meaningfully prepare for the hearing, as further described in the accompanying Declaration of Counsel. Moreover, counsel is likely to still be positive and contagious on May 30.

//

**I.      Factual and Procedural Background**

On September 28, 2022, Ms. Hankins pleaded guilty to the Superseding Information. On

January 19, 2023, the Probation Department issued its final presentence report ("PSR"). With

respect to restitution, the final PSR stated that the Government had advised the Probation

Department of its intention to seek restitution in the amount of $1,500,000, pursuant to the

Mandatory Victims Restitution Act ("MVRA"). In her objections to the PSR, Ms. Hankins stated

that she objected to an award in that amount and that her plea regarding  the amount of loss

applied only to the Sentencing Guidelines, not to restitution.

On March 30, 2023, the Court imposed a sentence of incarceration of twelve months and

one day. The Court thereafter set the restitution hearing for May 30, 2023. This will be a

contested hearing, and there are a number of complex factual issues that the Court will have to

resolve in calculating any restitution award. For example, it is Ms. Hankins' position that the

Government's Restitution Claim fails to account for the money that Ms. Hankins already

returned and the value that she conveyed to the victims. Furthermore, the Government' Claim

appears to assume that the value of Ms. Hankins' shares in Willamette Country Music Concerts,

LLC were effectively worthless — a point that Ms. Hankins disputes. Valuation issues will

likewise have to be resolved at the restitution hearing.

As the Court is aware, shortly after Ms. Hankins' sentencing, counsel for Ms. Hankins

was out of the country for approximately five weeks. During that time, the defense worked on

strategic issues and other matters that could be done remotely, but the final preparations, such as

completing memorandum and finalizing supporting documents and exhibits, was differed until

counsel's return. On May 17, the defense commenced preparations. However, that afternoon, the

Court notified the parties that it would need to reset the restitution hearing due to a scheduling

MOTION TO CONTINUE RESTITUTION HEARING – 2
*UNITED STATES V. ANNE HANKINS*, Case No. 6:22-cr-00317-MC

conflict. The following afternoon, on May 18, the Court indicated that its scheduling conflict may have resolved and, from its perspective, a reset may no longer be necessary. In the meantime, counsel had stopped preparing for the restitution hearing, in light of the notice that the hearing would have to be rescheduled. On the evening of May 18, counsel for Ms. Hankins tested positive for COVID-19. Counsel is symptomatic and infectious, as further described in the accompanying Declaration of Counsel. As a result, counsel is unable to prepare for the restitution hearing and a reset is nonetheless still needed.

## II.    There is good cause for a continuance

There is good cause to reset the sentencing hearing. "Restitution orders under 18 U.S.C. § 3664 are considered part of the criminal sentence and thus a stage of trial." *United States v. Lockwood*, 1998 U.S. App. LEXIS 30065, *2 (9th Cir. 1998). *See also United States v. Pleitez,* 876 F.3d 150, 159 (5th Cir. 2017) (recognizing that "mandatory restitution is a criminal penalty and part of a criminal sentence"). Accordingly, defendants are entitled to the assistance of counsel in restitution hearings. *See id.* ("At a final determination of restitution, a defendant is thus entitled to the assistance of an attorney who plays the adversarial role necessary to ensure that the proceeding itself is fair.").

In addition, defendants also have a constitutional due process right to develop and present evidence to refute the Government's mandatory restitution claim. *See Rita v. United States*, 551 U.S. 338, 351 (2007) (observing that each defendant's sentence be subject to "thorough adversarial testing") (citing *Burns v. United States*, 501 U.S. 129, 136 (recognizing importance of notice and meaningful opportunity to be heard at sentencing).  This is reflected in 18 U.S.C. § 3664, which requires courts to resolve disputes as to the amount of restitution using "only evidence that possesses 'sufficient indicia of reliability to support its probable accuracy.'" *United*

*States v. Garcia Sanchez*, 189 F.3d 1143, 1148-49 (9th Cir. 1999) (vacating a sentence and remanding, holding that "the district court had . . . an independent obligation to ensure that the sentence was supported by sufficient, reliable evidence"). To help ensure that parties have sufficient time to adequately prepare their presentations, Federal Rule of Criminal Procedure 32(b) authorizes continuances for "good cause."

Here, Ms. Hankins requires additional time so that her counsel can reasonably prepare for and appear at her restitution hearing. As noted above, defense counsel tested positive for COVID-19 on May 18. And as described in the attached Declaration of Counsel, defense counsel is symptomatic and infectious.  As a result, counsel is unable to meaningfully prepare for the restitution hearing as currently scheduled.

Moreover, it is unlikely that counsel would be able to appear in person or meet with Ms. Hankins prior to the hearing without placing others' health in jeopardy. Under guidance issued by the Centers for Disease Control, individuals who test positive for COVID-19 should isolate for at least five days. *See* CDC "Isolation and Precautions for People with COVID-19," <https://www.cdc.gov/coronavirus/2019-ncov/your-health/isolation.html>  (updated May 11, 2023). Individuals who tested positive and experienced moderate illness, as counsel has, must isolate for at least ten days — and longer if symptoms are not improving. *See id.* This means that counsel would not be able to meet with her client in person until May 28 at the earliest, two days before the currently scheduled hearing. But if counsel's symptoms are not improving by that point, counsel would be unable to do so and, furthermore, counsel would likely be unable to attend the hearing. Given the trajectory of the virus and counsel's symptoms, it is reasonable to believe that counsel will still be symptomatic on May 30.

Accordingly, there is good cause to reset the hearing, so that Ms. Hankins and her counsel can meaningfully prepare and present necessary evidence at the mandatory restitution hearing.

DATED: May 22, 2023

Respectfully submitted,

 s/Katherine Marchant
JANET HOFFMAN, OSB No. 781145
KATHERINE MARCHANT, OSB No. 161147
Janet Hoffman & Associates LLC
1000 SW Broadway, Ste. 1500
Portland, OR 97205
Phone: (503) 222-1125
Email:  janet@jhoffman.com
Attorneys for Defendant Anne Hankins