IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

      v.

**ANNE HANKINS,**

       Defendant.

_____

**No. 6:22-CR-00317-MC**

**OPINION AND ORDER**

**MCSHANE, Judge**:

Defendant Anne Hankins moves to reduce her sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. ECF No. 104. Because Ms. Hankins fails to demonstrate extraordinary and compelling reasons justifying compassionate release, her motion is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

1 – OPINION AND ORDER

(iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Despite an advisory guideline range of 37-47 months, the Court sentenced Ms. Hankins to 12-months-and-one-day. ECF No. 96. Following multiple attempts to delay reporting to prison, the Court ultimately ordered Ms. Hankins to report to the Bureau of Prisons on July 31, 2023.[1] Now, less-than four months into her sentence, Ms. Hankins seeks compassionate release to care for her mother.

First, the Court presumes it has jurisdiction to consider the motion. Although Ms. Hankins submits some emails allegedly sent to the warden, the Government notes BOP records contain no record of Ms. Hankins seeking compassionate release on the administrative level.. Resp. n.2 ECF No. 105. Regardless, the Court presumes that Ms. Hankins has in fact exhausted her administrative remedies.

Ms. Hankins argues extraordinary and compelling reasons exist due to the incapacitation of her mother, along with the fact that she is the only available caregiver for her parent. In support, Ms. Hankins filed a declaration from her sister, stating that her physical limitations, along with her mother's condition, render her unable to adequately care for her mother. Ms. Hankins' mother was admitted to the hospital on October 24. The Court notes Ms. Hankins' mother was admitted to the hospital 10 days *after* Ms. Hankins emailed the warden requesting compassionate release. Before reporting to prison, Ms. Hankins lived with her husband, described as "physically healthy." She

---

[1] If Ms. Hankins took responsibility and served her sentence immediately after sentencing in March 2023, she would be near the end of her sentence. If nothing else, she would present a more compelling case for compassionate release. While the Court is sympathetic with respect to her mother's recent turn for the worse, the fact remains that upon filing, Ms. Hankins had served less-than one-third of her (already significantly reduced) sentence.

2 – OPINION AND ORDER

has grown children living nearby. As Ms. Hankins did not submit any declaration, it is unclear why her husband or children cannot assist her sister with providing care for her mother. And as noted by the Government, the statement from the mother's doctor does not state Ms. Hankins is the only available caretaker for Ms. Howerton. Resp. 6-7. Instead, the doctor opines Ms. Howerton "would benefit from Anne Hankins' presence for emotional support." ECF No. 100-3, 1. Additionally, it appears that Ms. Howerton is still hospitalized and, presumably, being cared for by hospital staff.[2]

Most importantly, reducing Ms. Hankins' sentence to time-served would not satisfy the purposes of sentencing as set forth in 18 U.S.C. Sec. 3553(a). Ms. Hankins demonstrated a lack of personal responsibility with respect to the underlying offense. Despite that, the Court significantly departed downward from the guideline range. Ms. Hankins' actions were as serious as they were calculated. She purposefully altered bank statements to conceal the company's true financial position. These alterations resulted in not only a large, lump sum buyout, but also a substantial ongoing salary. Ms. Hankins used the proceeds to pay off her restitution from a previous federal fraud conviction nearly two decades earlier. Despite her culpability in this case, her approach has been to blame the victim for the fraud. In short, granting compassionate release at this time would not align with any of the 3553(a) factors.

The Court notes that Ms. Hankins claims to have requested an emergency furlough from the warden on November 2, 2013, and that the request was denied.[3] Motion 3, ECF No. 100. The Court reviewed 18 U.S.C. § 3622 and concludes Ms. Hankins may well meet the statutory criteria

---

[2] The only information the Court has regarding this issue is that "Ms. Howerton is expected to be released from the hospital on 11/15/23." Meyer Declaration, ECF No. 101. Given that Ms. Howerton was in a coma for two weeks until early November, and, as of November 13, had "started to speak and drink again," and "is being monitored by a machine at the hospital known as the 'sitter,'" it is unclear if Ms. Howerton is hospitalized or not.

[3] Ms. Hankins did not attach the emergency furlough requests as exhibits to her motion.

for temporary release. Ms. Hankins previously surrendered to the BOP when ordered. There is no indication that were she granted temporary release to visit her ailing mother, that she would not return. The note from Dr. Lee submitted in support of Ms. Hankins' motion demonstrates "there is a high likelihood of catastrophic life-threatening events for [her mother] in the near future." Def. Ex. B, 1, ECF NO. 100-3. In the Court's view, this places Ms. Hankins as appropriate for release under section 3622(a)(1). Dr. Lee's note is dated eleven days *after* Ms. Hankins states she requested emergency release from the warden. As Ms. Hankins did not submit that request to the Court, the Court is unaware if the warden had any basis (other than Ms. Hankins' own statements) to conclude her mother was dying. The statute states "The Bureau of Prisons may release a prisoner . . . for a period not to exceed thirty days . . . for the purpose of vising a relative who is dying." Although the Court would grant temporary release to Ms. Hankins, the statute does not appear to grant the Court that authority. The Court is unaware that it may direct the warden to grant such a request. But the statute does not appear to prohibit the Court from urging the warden to take a look at Dr. Lee's letter dated November 13, 2023, if presented with an opportunity to reconsider Ms. Hankins' motion for emergency temporary release.

## CONCLUSION

Ms. Hankins' Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 5th day of December, 2023.

/s/ Michael McShane
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER